221 Cal.App.3d 760 (1990)
270 Cal. Rptr. 590
MARION THOMPSON, Plaintiff and Appellant,
v.
CALIFORNIA FAIR PLAN ASSOCIATION et al., Defendants and Respondents.
Docket No. B033777.
Court of Appeals of California, Second District, Division Three.
June 22, 1990.
*763 COUNSEL
Robert S. Gerstein, Colley, Lindsey & Colley, Nathaniel S. Colley, Sr., Leo Branton, Jr., and Calvin V. Porter, Jr., for Plaintiff and Appellant.
Wolf & Leo, Betty S. Chain and Dara E. Williams for Defendants and Respondents.
OPINION
POUNDERS, J.[*]
In her previous suit, plaintiff Marion Thompson (Thompson) obtained declaratory relief naming her as the insured for a fire insurance policy on a structure which had burned. In this suit initiated thereafter against the insurance company, Thompson filed an action for civil conspiracy to deny her the proceeds of the policy. A motion for summary judgment on her fourth amended complaint was granted. Thompson appeals, claiming equitable tolling of the statute of limitations and error in finding the cause of action for conspiracy time-barred. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
The initial complaint for declaratory relief filed by Thompson named defendant California Fair Plan Association (hereafter Fair Plan), also a defendant here, as well as Donald E. Thierry (hereafter Thierry) in an attempt to reform a fire insurance policy to name Thompson as the insured. The findings of fact and conclusions of law issued in that case stated in relevant part that Thompson had purchased real property located at 2709-2713 1/2 West 42nd Street in Los Angeles from Thierry on January 25, 1965. Title was originally taken by a trustee and was later conveyed to Thompson on July 26, 1967.
The court further found that Thompson was the owner of the property insured by Fair Plan at the time the policy was issued and on June 30, 1976, when the fire loss occurred. United Financial Corporation acted as agent for Thompson when it applied for the insurance, but it named Thierry as the applicant under the mistaken belief that he was the owner of the property. Fair Plan issued the policy intending to name the owner as the insured but mistakenly named Thierry. Thompson paid the insurance premium. The court concluded that naming Thierry rather than Thompson as the insured was due to the mutual mistake of Thompson and Fair Plan.
*764 The court ruled on November 9, 1981, that in order to do equity, the policy of fire insurance should be reformed to name Thompson as the insured. Thereafter, Fair Plan completed adjustment of the claim and paid Thompson $83,172.49 for the loss. This sum included $23,580.75 as interest at the legal rate from June 30, 1976, to February 19, 1982.
On December 7, 1981, Thompson filed the present action, alleging wrongful refusal to settle. The only named defendant was Fair Plan. It was not until the second amended complaint was filed on October 15, 1982, that the second defendant here, Roy W. Anderson, was named. Fair Plan's demurrers to the first, second, and third amended complaints were sustained, the last without leave to amend. Thompson appealed the judgment of dismissal, and this court reversed, holding that the order of dismissal was void due to lack of notice.[1]
Finally, Thompson's fourth amended complaint was filed March 12, 1985, alleging as the only cause of action conspiracy to deprive Thompson of the insurance proceeds. Included as defendants were Roy W. Anderson, claims manager, and Grant Oswalt, underwriting manager. Fair Plan's demurrer was overruled, the trial court finding that the cause of action was not time-barred because the last overt act was alleged to have been done within the limitation period. On December 7, 1987, Fair Plan's motion for summary judgment was granted because this last overt act was privileged under Civil Code section 47, subdivision 2.
This last overt act in furtherance of the conspiracy was alleged to be that the defendants: "Opposed and contested during the trial of action No. C 180 895 in or about October, 1981, Plaintiff's allegations that Fair Plan issued insurance policy No. CFP-16-192552 to her."

DISCUSSION

1. Standard of appellate review.

(1) The summary judgment procedure is drastic and should be used with caution in that it denies the right of trial to the adverse party. It is properly granted only when the evidence in support of the moving party establishes that there is no issue of fact to be tried. (Mann v. Cracchiolo (1985) 38 Cal.3d 18, 35 [210 Cal. Rptr. 762, 694 P.2d 1134].) On appeal from a summary judgment granted to the defendant, an appellate court must reverse if it determines that there is "a reasonable possibility that *765 plaintiff may be able to establish its case." (Tresemer v. Barke (1978) 86 Cal. App.3d 656, 661-662 [150 Cal. Rptr. 384, 12 A.L.R.4th 27].)

2. The declaratory judgment action did not cause an equitable tolling of the statute of limitations.

In an effort to avoid application of the statute of limitations, Thompson advances the argument that her first suit was sufficient to invoke an equitable tolling of the statute. Fair Plan responds that this issue is being improperly raised for the first time on appeal. (2a) It is true, of course, that issues not raised in the trial court cannot be raised for the first time on appeal except, perhaps, where "`a pure question of law ... is presented on undisputed facts.'" (Sea & Sage Audubon Society, Inc. v. Planning Com. (1983) 34 Cal.3d 412, 417 [194 Cal. Rptr. 357, 668 P.2d 664]; Pool v. City of Oakland (1986) 42 Cal.3d 1051, 1065-1066 [232 Cal. Rptr. 528, 728 P.2d 1163].)
Thompson replies that the issue was, in fact, raised in her "motion to vacate judgment after appeal and for a new hearing on the demurrer." This argument, however, relates to the third amended complaint, not the fourth amended complaint which is the basis of this appeal. Her opposition to motion for summary judgment does not mention equitable tolling.
Accordingly, the issue may be raised here only if it involves a pure question of law based on undisputed facts. It does not. (3) Equitable tolling of a statute of limitations depends on a three-pronged test: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." (Collier v. City of Pasadena (1983) 142 Cal. App.3d 917, 924 [191 Cal. Rptr. 681]; Addison v. State of California (1978) 21 Cal.3d 313, 319 [146 Cal. Rptr. 224, 578 P.2d 941]; fn. omitted.)
The timely notice requirement includes the necessity that the first claim alert the defendant in the second claim to the need to investigate the facts which form the basis for the second claim. (Collier v. City of Pasadena, supra, 142 Cal. App.3d at p. 924.) (2b) Here defendant Roy W. Anderson was not named in the first suit for declaratory relief. It is difficult to imagine how he could have been alerted to the need to investigate the facts of the second claim. In addition, lack of prejudice requires that the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second. (Id., at p. 925.) The facts necessary to make these determinations are not undisputed.
*766 Consequently, the issue of equitable tolling of the statute of limitations is improperly raised here in that it was not raised below and it does not involve a pure question of law.

3. A privileged act cannot be an overt act in furtherance of a civil conspiracy.

In a basic misunderstanding of the difference between civil conspiracy and criminal conspiracy, Thompson contends that last overt act alleged in furtherance of the conspiracy prevents the action from being time-barred, citing Wyatt v. Union Mortgage Co. (1979) 24 Cal.3d 773, 786 [157 Cal. Rptr. 392, 598 P.2d 45]. That act was simply that Fair Plan "opposed and contested during the trial of" the first suit "in or about October, 1981, Plaintiff's allegations that Fair Plan issued insurance ... to her."[2]
(4) The trial court correctly found that opposition to the prior lawsuit, by itself, is within the privilege granted by Civil Code section 47, subdivision 2, which declares that "a privileged publication or broadcast is one made ... [i]n any ... judicial proceeding." Although this declaration appears in the part of the Civil Code dealing with personal rights and is listed following sections on defamation, libel, and slander, "it applies to virtually all other causes of action, with the exception of an action for malicious prosecution." (Ribas v. Clark (1985) 38 Cal.3d 355, 364 [212 Cal. Rptr. 143, 696 P.2d 637, 49 A.L.R.4th 417].) This litigation privilege is absolute. (Silberg v. Anderson (1990) 50 Cal.3d 205, 215 [266 Cal. Rptr. 638, 786 P.2d 365].)[3]
To distinguish the absolute litigation privilege from her case, Thompson relies on White v. Western Title Ins. Co. (1985) 40 Cal.3d 870, 888 [221 Cal. Rptr. 509, 710 P.2d 309], and Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc. (1986) 42 Cal.3d 1157, 1168 [232 Cal. Rptr. 567, 728 P.2d 1202], which hold that even if liability cannot be founded upon a judicial communication, it can be proved by such a communication, i.e., the privilege operates as a limitation on liability, not an exclusion of evidence. She asserts that it is "not the overt acts evidencing a conspiracy which are the basis for liability, but the wrong which the conspiracy was organized to perpetuate." Herein lies Thompson's misunderstanding.[4]
*767 (5) A civil conspiracy does not give rise to a cause of action unless a civil wrong has been committed resulting in damage. The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from an act done in furtherance of the common design. (Doctors' Co. v. Superior Court (1989) 49 Cal.3d 39, 44 [260 Cal. Rptr. 183, 775 P.2d 508].)
To maintain such an action, "there must be alleged an act in furtherance of the conspiracy which is itself a tort." (Selby Realty Co. v. City of San Buenaventura (1973) 10 Cal.3d 110, 127 [109 Cal. Rptr. 799, 514 P.2d 111].) (6) Civil conspiracy is not a tort but rather a theory of joint liability whereby all who cooperate in another's wrong may be held liable. (Petherbridge v. Altadena Fed. Sav. & Loan Assn. (1974) 37 Cal. App.3d 193, 202, fn. 3 [112 Cal. Rptr. 144].) (7) In a civil case, liability attaches only for action taken pursuant to the conspiracy. (Citizens Capital Corp. v. Spohn (1982) 133 Cal. App.3d 887, 889 [184 Cal. Rptr. 269].) In a criminal case, liability attaches for the agreement, not the overt acts, which need not be criminal in nature. (People v. Jones (1986) 180 Cal. App.3d 509, 516 [225 Cal. Rptr. 697]; People v. Zamora (1976) 18 Cal.3d 538, 549, fn. 8 [557 P.2d 75].)
Thompson maintains that the differences between civil and criminal conspiracies are "somewhat beside the point" when applying the statute of limitations. While Wyatt v. Union Mortgage Co., supra, 24 Cal.3d 773, 786-787, and Livett v. F.C. Financial Associates (1981) 124 Cal. App.3d 413, 419 [177 Cal. Rptr. 411], so hold, they relate to the "last overt act" doctrine and the completion of the object of the conspiracy. In rejecting an attack of the "last overt act" doctrine in civil conspiracy cases, the Supreme Court noted that there is no unfair prejudice when "a person continues to commit wrongful acts in furtherance of a conspiracy to harm another...." (Wyatt v. Union Mortgage Co., supra, 24 Cal.3d at p. 787.) (8) Here the issue is the viability of the only overt act which could prevent the statute of limitations from running on the cause of action for conspiracy. This last alleged overt act cannot be wrongful because it is absolutely privileged based on considerations of public policy encouraging free access to the courts.
Under similar circumstances, the court in Pettitt v. Levy (1972) 28 Cal. App.3d 484, 491 [104 Cal. Rptr. 650], held that where the only acts done in furtherance of a conspiracy are privileged under this section, the allegation of conspiracy adds nothing. To the same effect, the court in Steiner v. Eikerling (1986) 181 Cal. App.3d 639, 643 [226 Cal. Rptr. 694], held that the privilege is an absolute defense to a cause of action for a civil conspiracy to present a forged document for probate.
*768 Accordingly, no liability can attach for the defense of the first lawsuit, and the defense of the suit cannot serve as an overt act sufficient to revive an otherwise time-barred claim on a conspiracy theory. (See McClatchy Newspapers, Inc. v. Superior Court (1987) 189 Cal. App.3d 961, 968-971 [234 Cal. Rptr. 702].)
The motion for summary judgment was correctly granted.

DISPOSITION
The judgment is affirmed. Thompson to bear costs on appeal.
Klein, P.J., and Croskey, J., concurred.
Appellant's petition for review by the Supreme Court was denied September 12, 1990.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.
[1] We then noted in our July 23, 1984, unpublished opinion: "From the pleadings, it would appear that (Fair Plan's) demurrers to each of Thompson's complaints were well taken."
[2] Assuming the four year statute of limitations applies for actions on a contract under Code of Civil Procedure section 337, the two other "overt acts" are alleged to have occurred in 1976 and would be time barred.
[3] Cases such as Barbary Coast Furniture Co. v. Sjolie (1985) 167 Cal. App.3d 319, 333-334 [213 Cal. Rptr. 168], which require that the challenged publication be made to promote the interest of justice have recently been overruled. (Silberg v. Anderson, supra, 50 Cal.3d at pp. 217-219.)
[4] The case cited by Thompson for this proposition, Wise v. Southern Pacific Co. (1963) 223 Cal. App.2d 50, 64 [35 Cal. Rptr. 652], does not support her assertion.