[No. F013375. Fifth Dist. July 23, 1991.]

HAIG GARABEDIAN, Plaintiff and Appellant, v.
STEVEN SKOCHKO, Defendant and Respondent.

COUNSEL

Parichan, Renberg, Crossman & Harvey and Peter S. Bradley for Plaintiff and Appellant.

Emerson & Yrulegui and Rick Jensen for Defendant and Respondent.

OPINION

**STONE (W. A.), J.**—This appeal concerns whether the pendency of a federal tort claim for personal injuries against the United States government tolls the statute of limitations applicable to a state action against a defendant who was not a government employee and who was dismissed from a subsequent federal action because the federal court did not have jurisdiction over him. Under the circumstances of this case we will hold the federal tort claim did not toll the state statute of limitations.

### THE CASE

The trial court sustained without leave to amend the demurrer of respondent, Steven Skochko, to the first amended complaint of appellant, Haig Garabedian, and entered a judgment of dismissal. The basis of the court's order was that the one-year statute of limitations barred appellant's action for personal injuries.

## THE FACTS[1]

In 1987 appellant was a real estate agent. He had obtained permission of the United States Department of Housing and Urban Development (HUD) to show homes owned by HUD. HUD requested him to show a particular home to potential purchasers. On June 3 he went to the HUD home to inspect the premises before showing the property. He slipped and fell into an empty swimming pool because of debris which had accumulated around the pool. He sustained serious injuries as a result of the accident.

On or about May 6, 1988, appellant filed a claim with HUD as required by the Federal Tort Claims Act. The claim did not name respondent. HUD rejected the claim by letter dated July 25, 1988, denying responsibility for appellant's injuries. The letter advised that although HUD owned the property, it was managed by respondent, an independent contractor. The letter denied HUD's responsibility for the negligent acts or omissions of the independent contractor. Until receipt of the letter rejecting the claim, appellant had no knowledge an independent contractor rather than a HUD employee managed the property.

In August 1988 appellant filed an action in federal court against respondent and the United States. One year later, pursuant to a recent United States Supreme Court decision,[2] the federal court dismissed respondent from that action without prejudice.

Appellant then filed this negligence action in state court against respondent on September 7, 1989.

## DISCUSSION

Code of Civil Procedure section 340, subdivision (3) required that appellant bring his state action against respondent prior to June 3, 1988—one year after the date of the accident. Instead, appellant filed his complaint more than 15 months after the expiration of the limitations period. Unless the statute of limitations was tolled for the period of time during which he pursued his federal action against HUD, his action is time-barred. Our

---

[1]Upon review of a dismissal following a demurrer sustained without leave to amend we assume all facts properly pleaded are true. (*Glaire* v. *La Lanne-Paris Health Spa, Inc.* (1974) 12 Cal.3d 915, 918 [117 Cal.Rptr. 541, 528 P.2d 357].)

[2]*Finley* v. *United States* (1989) 490 U.S. 545 [104 L.Ed.2d 593, 109 S.Ct. 2003] held the Federal Tort Claims Act does not provide a vehicle by which to invoke pendant party jurisdiction over claims which would otherwise not come within the jurisdiction of the federal court.

question is whether the complaint alleges facts sufficient to establish such tolling.

The complaint alleges appellant did not know, and could not have known, anyone other than a HUD employee could possibly have been responsible for the negligence that resulted in appellant's injuries. He therefore pursued his remedy under the Federal Tort Claims Act in a timely and good faith manner. He did not learn of the independent contractor status of respondent until July 27, 1988, when HUD's letter so advised him. Although appellant was unable to file an action against respondent within one year of the date of the accident, respondent nevertheless had knowledge of the claim prior to that time.

Appellant contends the statute of limitations on his state cause of action was tolled during the period between May 6, 1988, and September 7, 1989, while he was pursuing his federal remedy. He relies upon several tolling theories.

A. *Neither HUD nor Respondent "Effectively Prevented" Appellant From Proceeding in the State Court.*

■ As a general rule, absent some wrongdoing on the part of a defendant, a plaintiff's ignorance of his cause of action or the identity of the wrongdoer does not prevent the running of the limitations period. (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 352, p. 381, and cases cited.) ■ Although appellant implies either HUD or respondent, or both of them, are somehow responsible for his predicament, he has alleged no facts which would give rise to an estoppel or would indicate fraudulent concealment. (See 3 Witkin, Cal. Procedure, *op. cit. supra*, Actions, § 523, p. 550 and § 529, p. 556.)

Thus, HUD did not effectively prevent appellant from proceeding against respondent within the limitations period. He cites no authority establishing a legal obligation by HUD to advise him of respondent's identity and status in sufficient time to investigate and initiate the appropriate proceedings.

B. *Appellant Was Not "Legally Prevented" From Proceeding in the State Court.*

Appellant claims HUD legally prevented him from proceeding in a separate state action against respondent during the time when his claim was pending against HUD. Filing a claim with the responsible federal agency is a legal prerequisite to the filing of a civil action against the United States for money damages arising out of the negligence of a government employee.

(28 U.S.C. § 2675.) However, a claim is not a legal prerequisite to filing a civil action against a defendant who is not a government employee. The complaint fails to allege facts sufficient to establish appellant was somehow legally prevented from filing a state action against respondent while his claim was pending with HUD.

### C.   The "Several Remedies" Rule Did Not Toll the Statute of Limitations.

■ The "several remedies" rule has been recognized as a separate ground for tolling the limitations period and is based upon the principle that ". . . regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' [Citations.]" (*Elkins* v. *Derby* (1974) 12 Cal.3d 410, 414 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839].)

In addition to *Elkins*, the "several remedies" rule has been developed in three cases: *Tu-Vu Drive-In Corp.* v. *Davies* (1967) 66 Cal.2d 435 [58 Cal.Rptr. 105, 426 P.2d 505]; *County of Santa Clara* v. *Hayes Co.* (1954) 43 Cal.2d 615 [275 P.2d 456]; and *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626 [86 Cal.Rptr. 198]. We review their facts and holdings.

In *Myers*, a widow brought an action against the county for the wrongful discharge of her deceased husband after she failed to obtain a declaration of his reinstatement through administrative channels in order to receive death benefits. The court held the period within which she was required to file a claim with the county had been tolled while she pursued her administrative remedy.

"When an injured person has several legal remedies and, reasonably and in good faith, pursues one designed to lessen the extent of the injury or damages, the statute of limitations does not run on the other while he is thus pursuing the one . . . ." (6 Cal.App.3d at p. 634.)

The *Myers* court continued:

"[U]pon the death of her husband, plaintiff was faced with two alternative procedures. Being uncertain of the applicability to her situation of the doctrine of the necessary exhaustion of administrative remedies, she could either file a claim with the county for damages and thereafter institute suit, in which she would have undoubtedly been confronted with a claim by the county that the suit could not be maintained because of her failure to exhaust

administrative remedies, or she could apply for a hearing by the appeal board and seek to have the order of discharge rescinded and her husband reinstated as an employee from the date of discharge until the date of his death. She chose to pursue the latter remedy, and, in our opinion, in so doing, she acted reasonably, for, if she had been successful, there would have been no damages resulting from the discharge, and no claim for damages or suit for damages would have been necessary." (*Myers* v. *County of Orange, supra,* 6 Cal.App.3d at pp. 635-636.)

In *Elkins* v. *Derby, supra,* the court adopted the "several legal remedies" language of *Myers.* Plaintiff had timely pursued his workers' compensation remedy against the defendant but the claim was denied when the Workers' Compensation Appeals Board decided Elkins was not an "employee" within the meaning of the workers compensation act because he had not received compensation for his services. Shortly after the board's decision became final, Elkins filed an action against the defendant for recovery for the same injuries that prompted the workers' compensation claim. The court held the statute of limitations on the personal injury action against the defendant had been tolled for the period of time during which the plaintiff had pursued the administrative remedy against the defendant. (12 Cal.3d at p. 412.)

Both *Elkins* and *Myers* relied upon *Tu-Vu Drive-In Corp.* v. *Davies, supra,* 66 Cal.2d 435, and *County of Santa Clara* v. *Hayes Co., supra,* 43 Cal.2d 615.

In *Tu-Vu* defendant, an attorney, wrongfully levied a writ of execution on plaintiff's motion picture equipment in an action to which plaintiff was not a party. Plaintiff filed a third party claim and ultimately secured the release of the property. Plaintiff thereafter filed an action against defendant for damages to its business operations and reputation and for damage to the equipment. Defendant asserted the causes of action had accrued at the time of the levy and the suit was time-barred. The court rejected defendant's argument and without explanation or analysis held the running of the statute of limitations was suspended until termination of the third party litigation. (66 Cal.2d at p. 437.)

*Tu-Vu,* in turn, cited *County of Santa Clara* v. *Hayes Co., supra,* in which a newspaper made errors in publishing a proposed county charter. The errors were not noticed until after voters had approved the charter. Although the county could have sued the newspaper for damages upon discovery of the errors, it chose to submit the charter to the Legislature for approval, hoping the errors would not result in invalidation of the charter. Although the Legislature approved the charter, it was subsequently invalidated in quo

warranto proceedings. In the subsequent legal action for damages, the court held the limitations period had been tolled from the date the charter had been first considered effective until it had been judicially declared invalid. The court reasoned that submission of the document to the Legislature in the first instance was a reasonable formal response to the problem and that it would have been "anomalous" to penalize the county for proceeding as it had. (43 Cal.2d at pp. 618-619.)

The object of the "several remedies" rule is to excuse the plaintiff from the burden of pursuing duplicate and possibly unnecessary procedures in order to enforce the same rights or obtain the same relief. (*Elkins* v. *Derby*, *supra*, 12 Cal.3d at pp. 412-413.)

The common thread in these cases is that the parties against whom the plaintiffs sought some kind of preliminary relief before filing suit eventually became the named defendants in the state court actions. Here, however, respondent, who became a defendant in the state court action, was not named in the federal tort claim. By the time appellant filed his federal lawsuit naming respondent as a defendant, more than one year had elapsed following the accident.

While we know of no authority which has dealt with this issue arising from similar facts, we note *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473 [121 Cal.Rptr. 477, 535 P.2d 341]. In *Freeman* the Supreme Court declined to apply the "several remedies" rule to the situation of multiple tortfeasors. Freeman had filed a claim with State Farm, his insurance carrier, for injuries sustained in an automobile accident allegedly caused by one Morita. During the course of discovery, but after the time for submitting a claim for uninsured motorist coverage, Freeman discovered a third driver may have caused the accident. After a jury returned a verdict in favor of Morita, Freeman filed a claim for uninsured motorist coverage under the policy with State Farm on the theory that the driver of the third car was an uninsured motorist. State Farm rejected the claim as untimely, and Freeman petitioned to compel arbitration. The court held the suit was barred and rejected Freeman's contention that the claims period was tolled while he pursued his remedy against Morita. (14 Cal.3d at pp. 488-489.)

In a footnote the *Freeman* court stated:

"We have not forgotten that petitioner says that during the year following his injury he was unaware that the convertible had been involved. The *Myers* 'several remedies' rule is not intended as a cure for that problem. The 'several remedies' principle has been applied when a litigant has made a rational decision to pursue one remedy before attempting the alternative."

(*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d at p. 489, fn. 6.)

We recognize that had the federal court determined respondent was a government employee rather than an independent contractor, a state action would not have been available since the Federal Tort Claims Act is the exclusive remedy for claims against a federal government employee acting within the scope of government employment. (28 U.S.C. § 2679.) Moreover, all of appellant's claims would have been resolved in the federal proceeding; the state action would not have been necessary. For purposes of tolling it is immaterial that the federal court subsequently determined respondent was not a government employee.

"[T]he question of tolling is not to be determined retrospectively depending upon the success or failure of the plaintiff in pursuing the alternative remedy. [Citation.] . . . The injured person should not be required 'to predict at his peril the precise legal theory [remedy] supporting ultimate recovery. He should not be placed in the dilemma of awaiting "jurisdictional" decisions . . . [of one tribunal] . . . while the clock of limitations ticks in his ear.' [Citation.]" (*Myers* v. *County of Orange, supra,* 6 Cal.App.3d at p. 636.)

However, as noted in *Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d 473, the underlying assumption of the "several remedies" rule is that the plaintiff is aware of alternative remedies and makes a conscious, rational and reasonable decision to pursue one remedy in order to eliminate the need to pursue the other. Those cases applying the rule do not address a situation in which the plaintiff has failed to ascertain the need to pursue an alternative remedy until after the statute of limitations has run on the alternative remedy. *Freeman* holds, albeit in a different context, that the "several remedies" rule is not available in such a situation.

Appellant has not stated facts sufficient to toll the statute of limitations on his cause of action for personal injuries against respondent for the period of time he was pursuing his remedy against HUD.

D. *"Equitable Tolling" Did Not Suspend the Period of Limitations.*

Equitable tolling of a statute of limitations was first acknowledged as a recognized doctrine with identifiable elements in *Addison* v. *State of California* (1978) 21 Cal.3d 313 [146 Cal.Rptr. 224, 578 P.2d 941]. In *Addison,* state and county officers raided plaintiffs' business and seized numerous records in contemplation of criminal proceedings which were never initiated. Plaintiffs filed timely damage claims against the state and county which were

denied with the warning that plaintiffs were required to file a court action on the claim within six months. Three and one-half months later, plaintiffs filed a complaint in federal court alleging violation of federal civil rights, and, on the basis of pendant jurisdiction, several state causes of action for which claims had been filed and rejected. After concluding the civil rights action would not lie against the public entities, the federal court dismissed the federal action and the remaining state causes of action, without prejudice to refiling in state court. At that point, the limitations period for bringing the state action had run. *Addison* held the filing of the federal action suspended the running of the limitations period within which a suit could be brought against the public entities. (21 Cal.3d at p. 315.)

*Addison* explains:

"It is fundamental that the primary purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available. '[T]he right to be free of stale claims in time comes to prevail over the right to prosecute them.' (*Telegraphers* v. *Ry. Express Agency* (1944) 321 U.S. 342, 349 [88 L.Ed. 788, 792, 64 S.Ct. 582]; see also *Burnett* v. *New York Central R. Co.* (1965) 380 U.S. 424, 428 [13 L.Ed.2d 941, 945, 85 S.Ct. 1050].) The statutes, accordingly, serve a distinct public purpose, preventing the assertion of demands which through the unexcused lapse of time, have been rendered difficult or impossible to defend. However, courts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage. [Citations.]

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

■ " . . . [A]pplication of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff. These elements seemingly are present here. As noted, the federal court, without prejudice, declined to assert jurisdiction over a timely filed state law cause of action and plaintiffs thereafter promptly asserted that cause in the proper state court. Unquestionably, the same set of facts may be the basis for claims under both federal and state law. We discern no reason of policy which would require plaintiffs to file simultaneously two separate actions based upon the same facts in both state and federal courts since 'duplicative proceedings are surely inefficient, awkward and laborious.' (*Elkins* v. *Derby, supra*, 12 Cal.3d at p. 420; but see *Rumberg* v. *Weber Aircraft Corp.* (C.D.Cal. 1976) 424 F.Supp. 294.)

"Furthermore, since the federal court action was timely filed, defendants were notified of the action and had the opportunity to begin gathering their evidence and preparing their defense. No prejudice to defendants is shown, for plaintiffs' state court action was filed within one week of the dismissal of the federal suit. To apply the doctrine of equitable tolling in this case, in our view, satisfies the policy underlying the statute of limitations without ignoring the competing policy of avoiding technical and unjust forfeitures." (21 Cal.3d at pp. 317-319.)

As stated by the *Addison* court, the three elements necessary to establish the doctrine of equitable tolling are (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff. (21 Cal.3d at p. 319.)

██ The central question here is whether formal notice to one defendant is sufficient notice to another defendant.

In *Thompson* v. *California Fair Plan Assn.* (1990) 221 Cal.App.3d 760 [270 Cal.Rptr. 590], plaintiff filed a declaratory relief action against the defendant insurance company in order to have a policy of fire insurance reformed to reflect that she was the insured. She subsequently filed suit against the insurance company and individual agents of the insurance company alleging conspiracy to deprive her of insurance proceeds. In an effort to avoid application of the statute of limitations, she sought to invoke the doctrine of equitable tolling.

██ "The timely notice requirement includes the necessity that the first claim alert the defendant in the second claim to the need to investigate the facts which form the basis for the second claim. [Citation.] Here defendant Roy W. Anderson was not named in the first suit for declaratory relief. It is difficult to imagine how he could have been alerted to the need to investigate the facts of the second claim. In addition, lack of prejudice requires that the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second. [Citation.]" (221 Cal.App.3d at p. 765.)

Because the facts necessary to make the required factual determinations in *Thompson* did not appear undisputed in the record on appeal and the issue of equitable tolling had not been raised before the trial court, the *Thompson* court refused to apply the doctrine of equitable tolling as a matter of law.

██ The obvious difference between *Thompson* and appellant's case is that here the issue was raised before the trial court, and that court had to

determine, as we must, whether the complaint alleges facts sufficient to invoke the doctrine of equitable tolling. We assume, as the complaint alleges, that respondent had notice of the claim filed with HUD. We conclude, however, that the doctrine of equitable tolling does not apply merely because defendant B has obtained timely knowledge of a claim against defendant A for which defendant B knows or believes he may share liability. This point seems to have been recognized in *Collier* v. *City of Pasadena* (1983) 142 Cal.App.3d 917 [191 Cal.Rptr. 681], in which the court stated, "under ordinary circumstances [a] workers' compensation claim would not equitably toll a personal injury action against a third party who might also be liable for the injury." (142 Cal.App.3d at pp. 924-925.)

In *Dowell* v. *County of Contra Costa* (1985) 173 Cal.App.3d 896 [219 Cal.Rptr. 341], plaintiff contended the statute of limitations on her cause of action against the county was tolled during the pendency of her claim against the State of California for damages arising out of the same facts. Again, the issue appeared for the first time on appeal. The court nevertheless addressed the arguments.

*"The Addison court did not address the problem of whether the statute is tolled as to one defendant while awaiting action on a claim filed against another defendant.* In *Sierra Club, Inc.* v. *California Coastal Com., supra,* 95 Cal.App.3d at [pages] 503-504, the court stated that the doctrine of equitable tolling applies only where the plaintiff commences a second action which is in reality a continuation of an earlier action involving the *same parties,* facts and cause of action. *Due to the lack of identity of the parties, the existence of continuing administrative proceedings by Dowell against the State would not toll the statute of limitation for Dowell's cause of action against the County.*

"The conclusion in *Sierra Club* is consistent with the reasoning in *Addison.* The *Addison* court listed three basic requirements for application of the doctrine of equitable tolling: timely notice, lack of prejudice to the defendants and reasonable and good faith conduct on the part of the plaintiff. (*Addison* v. *State of California, supra,* 21 Cal.3d at p. 319.) . . .

"In the present case the same cannot be said. *Dowell's failure to file suit against the County until action on her claim against the state did not provide the County with notice of her intention to bring suit or prevent prejudice to the County in gathering information and preparing its defense. Since the claim proceedings against the state and County were entirely separate and the County was not put on notice of Dowell's intention to sue, the doctrine of equitable tolling was inapplicable. (Addison* v. *State of California, supra,* 21 Cal.3d at pp. 319-321.)" (173 Cal.App.3d at p. 903, italics added.)

Similarly here, although filing the claim with HUD put the agency on notice of appellant's intended suit against the government, it did not put respondent on notice of appellant's intended suit against him.

The complaint does not allege facts sufficient to toll the statute of limitations on appellant's action against respondent.

### DISPOSITION

Judgment affirmed. Costs on appeal to respondent.

Martin, Acting P. J., and Buckley, J., concurred.