Filed 8/26/22  Ball Up v. Singer CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| BALL UP, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MICHAEL SINGER,<br><br>    Defendant and Respondent. | B311928<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV30463) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Reversed with direction.

Hueston Hennigan, Robert N. Klieger, Alexander Botoman for Plaintiff and Appellant.

Michelman & Robinson, Mona Z. Hanna and Reuben A. Ginsburg for Defendant and Respondent.

In 2016, Ball Up, Inc. (Ball Up) sued Michael Singer in Texas state court. In 2018, Singer was dismissed from that action. In 2020, two years after the dismissal, Ball Up filed this California action against Singer. Singer demurred to the operative pleading on the ground that the causes of action were time-barred and that the statute of limitations was not equitably tolled. Agreeing, the trial court sustained Singer's demurrer without leave to amend. Ball Up appeals, contending it alleged sufficient facts to show that the statute of limitations was equitably tolled. We agree and reverse the judgment.

## BACKGROUND

I.      Ball Up sues Singer in Texas.

Streetball is a form of basketball that is typically played on outdoor courts. Less formal than basketball, its structure allows players to showcase their individual skills. In 2010, Demetrius Spencer and Robert Keetch formed Ball Up to create a sports lifestyle brand "based on the diversity, edginess, and strong sense of community that have long been the hallmarks of streetball." Ball Up thereafter entered into an agreement with Strategic Partners, a manufacturer and wholesaler of medical apparel, to develop Ball Up apparel and footwear. Singer was Strategic Partner's chairman and chief executive officer.

When the relationship deteriorated, Ball Up sued Strategic Partners and Singer on January 29, 2016 in Texas state court for fraud and intentional misrepresentation, civil conspiracy, and negligent misrepresentation. Ball Up alleged that although its agreement with Strategic Partners was never finalized in writing, Strategic Partners promised to fund the brand and market apparel. However, Strategic Partners and Singer backed

out of the agreement and stealthily and actively obstructed Ball Up's plan to market apparel.

On May 16, 2017, the Texas court dismissed Singer from the action based on a lack of personal jurisdiction over him. Ball Up appealed that order, and a Texas court stayed the case, pending the outcome on appeal. On August 2, 2018, the Texas appellate court affirmed the order dismissing Singer. That decision became final on October 16, 2018, and the stay of the Texas action was lifted shortly thereafter.

Shortly after the stay was lifted, Spencer of Ball Up was diagnosed with Bell's Palsy with hemifacial paralysis. Advised to refrain from cognitive stressors, Spencer was unable to assist with filing a new case in California against Singer and with the Texas action, which was again stayed from June 7, 2019 to May 2020 and is now pending trial.

II.   Ball Up files this California action.

Meanwhile, Ball Up struggled to find counsel to pursue the litigation and to finance it. Ball Up retained its current counsel in June 2020, and he filed this California action on August 11, 2020—two years after Singer had been dismissed from the Texas action. Singer demurred to the fraud-based complaint on the grounds that all causes of action were time-barred, and the doctrine of equitable tolling was inapplicable. Ball Up opposed the demurrer and argued that the three-year limitations period applicable to fraud causes of action was tolled from when Ball Up filed the Texas action in January 2016 to when the Texas appellate court affirmed the order dismissing Singer in August 2018. The trial court sustained the demurrer with leave to amend, finding that Ball Up needed to allege facts showing that the statute of limitations had been equitably tolled.

3

Ball Up filed an amended complaint alleging two causes of action, one for aiding and abetting breach of fiduciary duty and a second for fraud and deceit.  Ball Up alleged that it filed the action within six weeks of retaining new counsel and could not have reasonably filed it sooner because of Spencer's medical issues and Ball Up's difficulty raising funds to hire counsel, which the COVID-19 pandemic exacerbated.  Ball Up further alleged that its claims against Singer in this action and those raised in the Texas action were substantially similar.

Singer demurred to the amended pleading, again contending that the causes of action were barred by the three-years limitations period in Code of Civil Procedure section 338, subdivision (d).  Singer argued that Ball Up unreasonably delayed commencing the state action, because he was dismissed from the Texas action in August 2018 but Ball Up did not file the California action until August 2020.  He also argued that Spencer's illness, Ball Up's financial woes, and the pandemic did not establish a reasonable and good faith reason to invoke equitable tolling.

Ball Up opposed the demurrer.  As relevant here, it argued that the equitable tolling doctrine applied because the Texas action was still pending.  Further, even if Ball Up was required to sue Singer after he was dismissed from the Texas action, Ball Up did not unreasonably delay filing the California action.

The trial court sustained the demurrer without leave to amend.  It found that the three-year-limitations period in Code of Civil Procedure section 338, subdivision (d), applied and began to run no later than January 29, 2016, when Ball Up filed the Texas action.  Because the limitations period expired three years later on January 29, 2019, the state action was untimely unless

4

equitable tolling applied.  Turning to the elements of equitable tolling, the trial court found that Ball Up's financial woes, Spencer's medical condition, and the pandemic were irrelevant to the analysis.  Otherwise, the trial court found that the operative complaint adequately pled timely notice and lack of prejudice to Singer.  However, the trial court found that the two-year delay between Singer's dismissal from the Texas action and the filing of the instant action was objectively unreasonable and not in good faith.  Accordingly, equitable tolling did not apply.

This appeal followed.[1]

## DISCUSSION

### I.    Standard of review

"In reviewing an order sustaining a demurrer, we assume well-pleaded factual allegations to be true and examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action on any legal theory." (*Kyablue v. Watkins* (2012) 210 Cal.App.4th 1288, 1292.)  "When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.' " (*Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 740–741.)

---

[1]    Ball Up filed its notice of appeal before entry of the judgment of dismissal.  We deem the premature notice of appeal to have been timely filed from the subsequent judgment.  (Cal. Rules of Court, rule 8.104(d)(1).)

5

II.    Equitable tolling

The parties agree that the statute of limitations began to run in January 2016, when Ball Up filed the Texas action.  The three-year statute of limitations applicable to fraud-based causes of action therefore expired in January 2019, in the absence of equitable tolling.[2]  Ball Up now contends that the trial court erred in finding that the operative complaint did not allege facts sufficient to show that the statute of limitations was equitably tolled.

"Equitable tolling is a judicially created doctrine that, where applicable, will ' "suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." ' (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99 (*McDonald*).)"  (*Long v. Forty Niners Football Co., LLC* (2019) 33 Cal.App.5th 550, 554–555 (*Long*).)  As with other general equitable principles, the doctrine of equitable tolling "is applied flexibly to 'ensure fundamental practicality and fairness.' "  (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 658.)

The doctrine of equitable tolling derives from three lines of cases.  (*Saint Francis Memorial Hospital v. State Dept.t of Public Health* (2020) 9 Cal.5th 710, 724 (*St. Francis*).)  One line of cases offers flexibility from a statute of limitations when the plaintiff

---

[2]    Ball Up maintained in the trial court that a three-year limitations period applied, but now asserts on appeal that a four-year limitations period applies, per Texas law.  Because a litigant may not take inconsistent positions on appeal (see *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 235), we apply the three-year statute of limitations in Code of Civil Procedure section 338, subdivision (d).

6

was already involved in one lawsuit and filed a "subsequent case that could lessen the damage or harm that would otherwise have to be remedied through a separate case." (*Ibid*.) A second line of cases tolls limitations periods where a plaintiff was required to and did pursue an administrative remedy before a civil action. (*Ibid*.) The third line of cases tolls limitations periods " ' "to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits." ' " (*Ibid*.) In sum and " '[b]roadly speaking, the doctrine applies " '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' " ' " (*Long, supra*, 33 Cal.App.5th at p. 555.)

A plaintiff seeking the benefit of equitable tolling must show three elements: timely notice, lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff. (*Saint Francis, supra*, 9 Cal.5th at p. 724.) The first element requires the defendant to have received timely notice of the plaintiff's intent to file suit. (*Id*. at p. 727.) The second element focuses on whether applying equitable tolling would prevent the defendant from defending a claim on the merits. (*Ibid*.) The third element requires a plaintiff's conduct to be objectively reasonable and subjectively in good faith. (*Id*. at p. 729.) Reasonableness focuses on whether the party's actions were fair, proper, and sensible under the circumstances, while good faith requires determining whether the party's filing resulted from honest mistake rather than a dishonest purpose. (*Ibid*.) This third element helps prevent the doctrine from becoming the norm rather than the exception and from being a cure-all for a common state of affairs, while ensuring it provides narrow relief "in 'unusual circumstances' when justice so requires." (*Id*. at p. 730.)

Here, the trial court found that Ball Up alleged facts to show the first two elements of equitable tolling, and Singer does not contend otherwise. Accordingly, we focus on whether Ball Up alleged facts to show it acted objectively reasonably and in good faith.

Ball Up argues it was objectively reasonable for it to delay filing the California action because Ball Up was seeking recovery for the same wrongs in the Texas action, and, further, no rule required it to file the California action within a certain time frame to avail itself of equitable tolling. As we have said, equitable tolling has been applied where, as here, a plaintiff was already involved in one lawsuit that could lessen the damage or harm that would otherwise have to be remedied through a separate case, and thereafter filed a subsequent case. (See generally *Addison v. State* (1978) 21 Cal.3d 313 (*Addison*).)

In *Addison*, *supra*, 21 Cal.3d 313, the applicable limitations period required claims against a public entity to be brought within six months after the entity's rejection of the claim. The plaintiffs timely filed a tort action against public entities in federal court; however, the defendant moved to dismiss the federal action based on lack of jurisdiction. Anticipating an adverse ruling, the plaintiffs filed a state action, and a week later the federal action was indeed dismissed. (*Id.* at p. 316.) Under these circumstances, where the second action was filed within a week of the dismissal of the first action, equitable tolling was applied. (*Id.* at p. 319.) The court found that public policy favors relieving a plaintiff from a bar of a limitations statute when, "possessing several legal remedies, [the plaintiff] reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." (*Id.* at p. 317.) There is no policy reason to

8

require plaintiffs to file simultaneous actions based on the same facts in federal and state court since such duplicative proceedings are inefficient, awkward, and laborious. (*Id*. at p. 319.) The rationale underlying this "several remedies rule" is the plaintiff knows there are alternative remedies and makes a conscious, rational, and reasonable decision to pursue one remedy to eliminate the need to pursue the other. (*Garabedian v. Skochko* (1991) 232 Cal.App.3d 836, 844; accord, *McDonald*, *supra*, 45 Cal.4th at p. 99 [doctrine is narrow remedy applied " ' "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one," ' " but it later becomes necessary to pursue another].)

Under this authority, Ball Up reasonably pursued one legal remedy against Singer via the Texas action before filing the second action in California, and Singer does not contend otherwise.

Given that any tolling period extends from January 2016, when Ball Up filed the Texas action (which is when the parties agree the statute of limitations began to run), to August 2018, when Singer was dismissed from that action, what impact does that tolling period have on the three-years limitations period? As to that, our California Supreme Court has said, the "effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370–371; *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665,

9

674.)[3]  This action was filed within the limitations period, crediting the tolling period.  In other words, crediting the two years in which the Texas action was pending against Singer, Ball Up filed this action in August 2020, *one year before* the three-year-limitations period ran in August 2021.  This weighs in favor of reasonableness.

Singer, however, argues that the reasonableness of the delay must be measured from when he was dismissed from the Texas action in August 2018 to when the California action was filed in August 2020.  He thus points out that courts have observed that one "possible indicium of reasonableness and good faith is whether a plaintiff filed the second claim within a reasonable time after the period of tolling concluded."  (*Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 931 [second action filed while statute still tolling] (*Collier*); see, e.g., *Nichols v. Canoga Industries* (1978) 83 Cal.App.3d 956, 963–964 [unreasonable delay in filing second case might bar it in light of equitable foundation of tolling rule]; see, e.g., *Elkins v. Derby* (1974) 12 Cal.3d 410, 413 [second action filed four months after statute of limitations would have run was timely].)  If "a plaintiff delayed filing the second claim until the statute on that claim had nearly run, *even after crediting the tolled period*, his conduct

---

[3]  The parties cite cases (e.g., *Kolani v. Gluska* (1998) 64 Cal.App.4th 402) involving 28 United States Code section 1367(d).  That section is a specific tolling statute concerning when supplemental state claims must be filed upon dismissal by the district court.  Under that statute, the limitations for a state claim first filed in federal court is "tolled while the claim is pending and for a period of 30 days after it is dismissed." (28 U.S.C. § 1367(d); *Artis v. District of Columbia* (2018) 138 S.Ct. 594.)  That statute has no application here.

10

might be considered unreasonable."[4]  (*Collier*, at p. 926, italics added; see also *McDonald, supra*, 45 Cal.4th at p. 102, fn. 2.)

But Singer cites no case holding that equitable tolling is inapplicable as a matter of law where, as here, the limitations period has not run, crediting the tolling period.  Rather, the general rule is that a tolled period is tacked onto the statute of limitations.  (*Collier, supra*, 142 Cal.App.3d at p. 926.)  Here, crediting the tolling period, the statute had another year to run when the California action was filed.  We therefore cannot agree that Ball Up's conduct in delaying until 2020 to file the California action was unreasonable as a matter of law.

However, we are not unsympathetic to the fact that Ball Up waited two years after Singer had been dismissed from the Texas action to file this one.[5]  Even so, we cannot, at this stage of the proceedings and under circumstances where Ball Up appropriately pursued Singer in the Texas action and filed the California action within the extended limitations period, find as a matter of law that equitable tolling does not apply, especially given the substantial policies the doctrine is designed to further.  That is, it first serves the fundamental purpose of statutes of limitations by giving defendants timely notice of claims, without imposing the costs of forfeiture on plaintiffs.  (*Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1100.)

---

[4]    The court also said that a plaintiff would have acted unreasonably or in bad faith also if the plaintiff deliberately misled the defendant into believing the second claim would not be filed.  (*Collier, supra*, 142 Cal.App.3d at p. 926.)

[5]    What makes this case somewhat unusual is that the parties agree the statute of limitations began to run when the Texas action was filed.  Thus, *no* time had run on the limitations period by the time litigation began.

11

Second, the doctrine avoids compelling plaintiffs to pursue duplicative actions simultaneously on the same set of facts. (*Ibid.*) Third, it lessens costs to courts because disposing of a case filed in one forum may render proceedings in the second unnecessary or easier and less expensive to resolve. (*Ibid.*) And courts should liberally apply tolling rules in situations where the plaintiff has satisfied the notification purpose of a limitations statute. (*McDonald*, *supra*, 45 Cal.4th at p. 102.)

Here, Ball Up's initial pursuit of Singer in Texas before filing another action furthered these policies. Singer had timely notice of the claims against him. Ball Up tried to pursue all claims in one proceeding instead of filing duplicative actions at the outset. Finally, all parties agree that the two actions involve the same issues and facts, and therefore any resolution of the first action might render the second proceeding easier or cheaper to resolve. (See, e.g., *McDonald*, *supra*, 45 Cal.4th at p. 100.)

In holding that the demurrer should have been overruled, we find only that at this stage of the proceedings the allegations were sufficient to show the potential applicability of equitable tolling. Singer has not, for example, addressed good faith on appeal, relying instead on its argument that Ball Up acted unreasonably in delaying filing the California action. We express no view as to whether equitable tolling ultimately should be applied.[6]

---

[6] Given our conclusion, we need not address Ball Up's alternative claim that it could have waited until the Texas action against Strategic Partners concludes before suing Singer.

## DISPOSITION

The judgment is reversed with the direction to the trial court to enter a new order overruling the demurrer. Ball Up may recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:


LAVIN, J.


EGERTON, J.