[Department One. — January 17, 1884.]

## IRA P. RANKIN ET AL., APPELLANTS, *v.* J. J. EKEL ET AL., RESPONDENTS.

CONSTABLE — EXECUTION — SALE OF PROPERTY. — A constable is liable to the owner of personal property for the seizure and sale thereof under an execution against a third person, and he is not relieved from liability by professing to sell merely the interest of the execution debtor.

APPEAL from an order of the Superior Court of the county of Amador refusing a new trial.

The action was against a constable and his sureties to recover damages for the seizure and sale of property claimed by the plaintiffs. The facts necessary to explain the point decided appear in the opinion.

*Eagon & Armstrong,* and *S. P. Scaniker,* for Appellants.

*George H. Blanchard,* and *A. C. Brown,* for Respondents.

PER CURIAM. — It clearly appeared that the corporation defendant in the attachment suits had no interest in the property when the same was sold by the constable.

The court erred in holding and instructing the jury that a constable may attach and sell the property of a third person, without incurring any liability to such third person, provided he attaches and sells only "the right, title, and interest" of the defendant in the action. If a defendant has no leviable interest in property, the purchaser at a constable's sale will acquire no interest. But it by no means follows that an officer can protect himself for interfering with the property of a third person by the plea that he only attached and sold the "interest" of a judgment debtor; and as the judgment debtor had *no* interest, no harm was done to such owner of the property.

Trespass will lie against a sheriff for any unlawful interference with personal property, as for a sale of it without any removal. (*Neff* v. *Thompson,* 8 Barb. 215.)

A new trial must be ordered.

It is not necessary to decide whether defendants would have been authorized to prove, by way of mitigation of damages,

that the property was subsequent to the constable's sale, sold for taxes and removed by the purchaser at said last sale.

Order reversed and cause remanded for a new trial.