MARCUS METZ, Respondent, *v.* LOUIS SCHWEITZER AND ANOTHER, Appellants.

Mandamus.—Adequate Remedy.—Release of Levy on Execution.—Where execution has been levied upon four trunks with their contents, and thereupon third parties have brought replevin claiming the property, and, a redelivery bond having been given, the property has been held by the execution creditor, whereupon the execution debtor brought writ of mandate to compel the officer levying the execution to release all the property except what was sufficient to satisfy the levy; *held* that mandamus would lie as the execution debtor had no adequate remedy at law.

Appeal.—Admission in Lower Court.—Change in Appellate Court.—Where the parties have joined issue upon the facts in the lower court and both parties have there admitted a certain fact to be true, neither of the parties on appeal will be heard to contest or deny such admitted fact.

Mandamus. — Release of Excessive Levy. — Sufficiency of Order.— The court expressly reserve and *semble* that they doubt the sufficiency of an order granting a mandamus which orders the constable who has made an excessive levy to release and surrender all the property levied upon except one parcel, which parcel the order directs the constable to proceed to sell, and the sale thereunder.

Appeal from a judgment granting a mandate of the district court of the third district. The opinion states the facts, except that the part of the order referred to by the court, is as follows:

Now, therefore, it is hereby ordered, adjudged and decreed, that the said Campbell S. Brown, defendant, as such officer, forthwith release and surrender to the plaintiff Metz, all of said trunks and contents thereof, except trunk No. 3, B. B. & Co., and contents, and that the said

Brown, as such constable, proceed to sell said trunk No. 3, and contents as provided by law.

*Mr. Samuel H. Lewis* and *Mr. C. Ira Krebs,* for the appellants.

*Mr. S. S. Markham,* for the respondent.

Miner, J.:

From the record in this case, it appears that in January, 1892, Louis Schweitzer, one of the appellants, recovered a judgment for $85 and costs against the respondent, Marcus Metz. That, in March following, the justice of the peace before whom the judgment was obtained issued an execution on said judgment to appellant, Campbell S. Brown, a constable, who levied upon four leather sample trunks and contents as the property of Marcus Metz. After such levy was made, Brown Brothers & Co., of San Francisco, brought suit in claim and delivery against Louis Schweitzer and Campbell S. Brown, the appellants, claiming to own the property levied on, Marcus Metz verifying the petition as their agent; whereupon the appellants gave a delivery bond, and held the property. Marcus Metz, the respondent, then filed his petition for a *mandamus,* averring, among other things, that he was the judgment debtor named in said judgment, and was beneficially interested in the said property, in this: that he was the agent and traveling salesman of Brown Bros. & Co., and the bailee of said property, which were samples of the value of $1,200, and were used by him in selling goods for said Brown Bros. & Co.; that said petitioner had requested said constable to sell one of said trunks and contents, of the value of $404, to satisfy the judgment of $85 and costs, and release the others, which said constable refused to do. The court thereupon granted an alternative writ of *mandamus.* A demurrer and answer were afterwards filed by the defendant. The peti-

tion was amended, and a trial of the issue had before the court. Upon such hearing, the court found the value of the four trunks and contents, marked "B. B. & Co.," to be $1,200, and largely in excess of the amount necessary to satisfy the judgment, and that Metz was beneficially interested in said property; that said Metz, before commencing this proceeding, had indicated and pointed out to Brown, the officer holding the said writ, one of said trunks, of the value of $404, marked "B. B. & Co., No. 3," as amply sufficient to satisfy said judgment and costs, and demanded that said trunk and contents be sold, as provided by law, to satisfy such execution, and that the other three trunks be released and surrendered to Metz, which said constable refused to do. Thereupon the court ordered that Constable Brown release and surrender to Metz all of said trunks and contents except trunk marked "B. B. & Co., No. 3," and contents, and that Brown proceed to sell said trunk as provided by law. From this order and judgment the appellants appeal, and allege error — (1) that the evidence is insufficient to justify the finding and decree that Metz was beneficially interested in the said property; (2) it appears from the evidence and pleadings that Brown Bros. & Co., and not Metz, were the owners of said property. Other assignments of error are presented, but we do not deem it necessary to discuss them.

Under § 3430, Comp. Laws, 1888, it was the duty of the constable to execute the writ against the property of the judgment debtor by levying on a sufficient amount of property to satisfy the execution if there was sufficient property, and where there was more property of the judgment debtor than sufficient to satisfy the judgment and accruing costs within view of the officer, he must levy only on such part of the property as the judgment debtor may indicate, if the property indicated be amply sufficient to satisfy the judgment and costs. The appellant, Schweitzer, was seeking to satisfy his judgment out of the property

levied upon as being the property of the respondent, Metz. Brown Bros. & Co. claimed it, and were seeking to enforce their right to it by legal process. This claim was denied by Schweitzer, and a delivery bond was executed by him under the statute, and he was proceeding to enforce his asserted right to it under his claim that it belonged to Metz, when this proceeding was instituted by the respondent, claiming that he had a beneficial interest in the property, which claim the court sustained by making the above order. It was not the province of the court to determine the right of the parties in this controversy to the property involved, but the court had the power to compel the constable to perform an act which the law specially enjoined upon him as a duty resulting from his office. Comp. Laws, 1888, §§ 3730, 3731. Metz claimed a beneficial interest in the property, and it is clear that his rights therein were injuriously affected by means of the levy and loss of possession and use. The appellants claimed that Metz owned the property levied upon, and were unwilling to surrender their claims and test their right in a suit at law instituted by Brown Bros. & Co.; in fact, both of the contending parties here insist that Metz had a beneficial interest in the property, and all of the proceedings were based upon that claim. The testimony shows that Metz did not have a plain, speedy, and adequate remedy in the ordinary course at law, and that, without the intervention of the writ of mandate, his interest might be greatly injured and imperiled. Where both parties to the controversy have voluntarily placed themselves on record in a position as solemnly admitting the rights and interest of one of the parties to the property in dispute, and have invited the intervention of a court based upon such admissions and right, it is too late for either of them to undertake to evade the injurious results of such admission while claiming the benefit derived therefrom. Under the circumstances of this case, we think the remedy pursued was.

the proper one, and that Metz was conceded to have a sufficient beneficial interest in the property to justify action by the court. The form of the order made, directing the return of the three trunks to Metz, is not covered by any assignment of error or exception; and hence we do not pass upon that part of the order, nor upon the effect of the sale made upon the order. *People* v. *Bell,* 4 Cal. 177; *Fremont* v. *Crippen,* 10 Cal. 215; *Babcock* v. *Goodrich,* 47 Cal. 488; *Hyatt* v. *Allen,* 54 Cal. 353; *Rankin* v. *Ekel,* 64 Cal. 446, 1 Pac. Rep. 895. The judgment of the court below is affirmed, with costs.

ZANE, C. J., and BLACKBURN, J., concurred.