CYRUS BAKER, Appellant, v. W. D. MILLS, Sheriff, and BENJAMIN CHAMBLERS, Intervener.

**Conversion of Judgment:** RIGHTS OF COLLATERAL HOLDER. Where a judgment is assigned as collateral security for an indebtedness in a sum less than the face of the judgment, the assignee cannot maintain an action for conversion against an officer because of a levy and sale of the judgment, subject to the assignment, under an execution against the judgment plaintiff.

*Appeal from Marshall District Court.*—HON. G. W. BURNHAM, Judge.

FRIDAY, MAY 19, 1899.

MANETTA P. GATTON, having recovered a judgment against her husband, George Gatton, for six thousand five hundred and fifty-seven dollars, assigned it to the plaintiff, September 24, 1896, as security for the payment of an indebtedness of one thousand dollars. The intervener, Chamblers, caused an execution to issue on his judgment of three hundred and eighty-seven dollars and costs against the Gattons, to be levied on Mrs. Gatton's judgment October 12, 1896, and

the same to be sold to the intervener on the fourteenth day of November. The sheriff was duly notified of the assignment the day after the levy. The plaintiff seeks to recover the value of the judgment, on the ground of its conversion by the sheriff. Among other things, the defendant and intervener averred that the judgment was sold subject to the assignment, and mention of this was omitted from the sheriff's bill of sale by mistake. The petition was dismissed, and the plaintiff appeals.—*Affirmed.*

*Volney Kent* for appellant.

*Binford & Snelling* for appellee.

LADD, J.—The assignment of the judgment against her husband by Mrs. Gatton to the plaintiff, her brother, was not filed in the office of the clerk or minuted on the margin of the judgment docket. Code, section 3936. But the sheriff was duly notified thereof immediately after the levy of the intervener's execution on such judgment. Thereupon it was appraised, and sold subject to their assignment. This is fully established by the evidence, notwithstanding some conflict, though through oversight the bill of sale was not so drawn. The appellant contends that, as the assignment was executed as security, the title passed to the plaintiff, with constructive possession, and that the rule with reference to a levy on a mortgaged chattel applied. *Campbell v. Leonard,* 11 Iowa, 489; *Gordon v. Hardin,* 33 Iowa, 550; *Wells v. Sabelowitz,* 68 Iowa, 238.

If this be true, then, as neither title nor possession was in the execution defendant, there was nothing of hers to levy on, and the title of the plaintiff was not affected by the sale. It is not a case where the owner's title is disputed, and the sale made, and possession transferred in spite of his claim, as in *Rand v. Barrett,* 66 Iowa, 731. The possession of the judgment, if in plaintiff, was not disturbed, and his title expressly recognized. This does not mean that the

sheriff may not be liable in damages, if any were sustained for trespass [see *Rankin v. Ekel,* 64 Cal. 446 (1 Pac. Rep. 895)], but that, if he has converted nothing, he is not chargeable with conversion. On the other hand, if Mrs. Gatton's interest in the judgment might be levied on, the sale was subject to the plaintiff's interest in it, and properly made. Though the bill of sale was absolute in terms, no more is claimed under it, and a correction was requested. In this state of the case it seems quite immaterial what executions were afterwards issued. The plaintiff has not suffered the slightest injury, and there is nothing in his claim to favorably impress a court of equity.—AFFIRMED.