66 Cal.2d 435 (1967)
426 P.2d 505
58 Cal. Rptr. 105
TU-VU DRIVE-IN CORPORATION, Plaintiff and Appellant,
v.
WILLIAM F. DAVIES, Defendant and Respondent.
Docket No. L.A. 29344.
Supreme Court of California. In Bank.
April 24, 1967.
*436 Holt, Macomber & Rhoades, Higgs, Fletcher & Mack, Vincent E. Whelan and Edward M. Wright for Plaintiff and Appellant.
McInnis, Focht & Fitzgerald and John W. McInnis for Defendant and Respondent.
BURKE, J.
The trial court sustained a demurrer to plaintiff's complaint (first amended) without leave to amend, on the ground that the stated causes of action were barred by the one-year statute of limitations found in subdivision 3 of section 340 of the Code of Civil Procedure.[1] Plaintiff appeals from the ensuing judgment of dismissal.[2] As will appear, we have concluded that the cited statute does not apply, and that the judgment should be reversed.
Plaintiff operates a drive-in theatre in San Diego. In an action to which plaintiff was not a party, the defendant herein, an attorney, secured a writ of execution and on October 31, 1960, wrongfully caused it to be levied on plaintiff's motion picture equipment. Ultimately plaintiff secured release of its property through a favorable judgment on its third party claim. That judgment became final on December 22, 1962. (Long Construction Co. v. Empire Drive-In Theatres, Inc. (1962) 208 Cal. App.2d 726, 739 [25 Cal. Rptr. 509].)
On June 8, 1964, plaintiff filed this action for damages to its business operations and reputation and for the expense of replacing its equipment so that it could reopen its theatre pending outcome of its third party claim, all alleged to have been suffered as a result of the wrongful levy of execution and deprivation of its property. In a second cause of action plaintiff alleges that in causing the levy defendant acted maliciously and with the intent to destroy plaintiff's credit and business.
[1] The one-year statute of limitations specified in section *437 340, subdivision 3,[3] embraces infringements of personal rights as opposed to property rights (Simons v. Edouarde (1950) 98 Cal. App.2d 826, 828 [221 P.2d 203]; Department of Mental Hygiene v. Hsu (1963) 213 Cal. App.2d 825 [29 Cal. Rptr. 244]), and does not apply to the present action, in which recovery is sought for damages to business and property.
Defendant contends, however, that plaintiff's alleged causes of action arose at the time of the levy on its property (October 31, 1960), rather than on the date that judgment on its third party claim became final (December 22, 1962), and that consequently they are barred even if a two-year or a three-year-limitations period be deemed applicable. The point is immaterial. [2] The third party litigation was instituted on November 10, 1960, and running of the statute was suspended until termination of that litigation on December 22, 1962. (See County of Santa Clara v. Hayes Co. (1954) 43 Cal.2d 615, 618 [275 P.2d 456]; Lee C. Hess Co. v. City of Susanville (1959) 176 Cal. App.2d 594, 598 [1] [1 Cal. Rptr. 586]; Record Machine & Tool Co. v. Pageman Holding Corp. (1959) 172 Cal. App.2d 164, 175-176 [342 P.2d 402]; Marden v. Bailard (1954) 124 Cal. App.2d 458, 465-466 [5] [268 P.2d 809]; see also Rose v. Knapp (1951) 38 Cal.2d 114, 117-118 [237 P.2d 981].) Accordingly, neither a two-year nor a three-year limitations period had expired when the present action was commenced on June 8, 1964.
Thus, whether this action be viewed (1) as one for trespass to property (see Rankin v. Ekel (1884) 64 Cal. 446 [1 P. 895]; Lewis v. Johns (1868) 34 Cal. 629; Rowe v. Bradley (1859) 12 Cal. 226) or for "taking, detaining, or injuring any goods, or chattels" and so as falling within the three-year period of section 338, subdivision 3, or (2) as an action to recover damages for tortious interference with plaintiff's business and so as falling within the two-year period specified in section 339, subdivision 1 (McFaddin v. H.S. Crocker Co., Inc. (1963) 219 Cal. App.2d 585, 591 [9] [33 Cal. Rptr. 389]), it was not barred.
[3] Defendant's suggestion, mentioned for the first time in oral argument before this court, that plaintiff should have made its claim for damages in the third party claim proceedings, is unsupported by citation of authority, appears *438 contrary to the purpose and intent of section 689 of the Code of Civil Procedure which provides for third party claim proceedings, and does not merit further consideration.
In view of the conclusion that plaintiff's action was timely filed, other contentions need not be discussed.
The judgment of dismissal is reversed, the cause is remanded with directions to the trial court to overrule the demurrer and to grant a reasonable time within which defendant may answer if so advised, and the purported appeal from order denying motion to further amend the complaint is dismissed.
Traynor, C.J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.
NOTES
[1] All section references are to the Code of Civil Procedure.
[2] Plaintiff's purported appeal, also, from a subsequent nonappealable order denying its motion for permission to further amend the complaint, will be dismissed. (See Cornic v. Stewart (1918) 179 Cal. 242 [176 P. 164]; Schaefer v. Berinstein (1960) 180 Cal. App.2d 107, 114 [4 Cal. Rptr. 263].)
[3] Section 340: "Within one year: ... 3. An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another, ..."