[Civ. No. 23686. Fourth Dist., Div. Two. Mar. 17, 1981.]

PENNY RANAE RICHARDSON, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Herbert Hafif and Wayne J. Austero for Plaintiff and Appellant.

Ruston & Nance and Lee P. O'Connor for Defendant and Respondent.

**OPINION**

TAMURA, J.—Plaintiff Penny Ranae Richardson appeals from a judgment of dismissal after the sustaining of a demurrer without leave to

amend. The main issue on appeal is what limitation period applies to an action against an insurer for breach of an implied covenant of good faith and fair dealing.

The facts are set forth according to the rule that the allegations of a complaint are deemed true for the purpose of testing an order sustaining a demurrer. (*Molien* v. *Kaiser Foundation Hospital* (1980) 27 Cal.3d 916, 919 [167 Cal.Rptr. 831, 616 P.2d 813].)

On July 3, 1972, plaintiff, who was then 15 years old, was a passenger in an automobile involved in a collision in a supermarket parking lot. Defendant Allstate Insurance Company (Allstate) had issued a policy of insurance to the father of the vehicle's driver, containing medical expense coverage with a maximum limit of $5,000 per person per accident. Claims were submitted on behalf of plaintiff to Allstate reflecting medical expenses in excess of $5,000, which included expenses for surgery to plaintiff's left knee.

Allstate's claim examiner informed plaintiff that it would be necessary for plaintiff to be examined by a physician selected by Allstate.[1] Allstate requested the examination knowing in advance that the physician would prepare a report falsely concluding that the surgery to plaintiff's left knee was not required as treatment for injuries sustained in the automobile collision. The physician did submit such a report and Allstate, while paying $2,500 for other medical expenses incurred by plaintiff, has refused to pay expenses for the knee surgery in the amount of approximately $2,500. Allstate has refused to pay the surgery expenses even though it has in its possession substantial medical evidence verifying the necessity of the knee surgery. Plaintiff has been subjected to economic loss and has suffered embarrassment, humiliation, and severe emotional distress on account of Allstate's actions.

Plaintiff reached the age of 18 on September 12, 1974, and she filed the present action on September 26, 1975, one year and fourteen days later. The first amended complaint, with which we are concerned on this appeal, was framed in four causes of action. The first cause of action alleged breach of the express terms of the insurance policy and sought as damages only reimbursement of medical expenses in the amount of approximately $2,500. The second and third causes of action

---

[1]Allstate has apparently conceded that plaintiff is an insured under the policy in regard to this accident.

alleged breach of the implied covenant of good faith and fair dealing and sought recovery for economic loss and emotional distress, as well as reimbursement for medical expenses. The fourth cause of action was labelled an action for conspiracy and was directed particularly against the physician who examined plaintiff for Allstate.

The court below sustained Allstate's demurrer to the second, third, and fourth causes of action on the ground they were barred by the one-year statute of limitations provided in Code of Civil Procedure section 340, subdivision 3.[2] Thereafter, plaintiff amended the complaint to add an additional cause of action sounding in fraud. Subsequently, however, plaintiff requested dismissal of the first cause of action and the new fraud cause of action. Upon entry of the order of dismissal plaintiff filed her notice of appeal. The appeal tests only the sustaining of the demurrer to the second and third causes of action for breach of the implied covenant of good faith and fair dealing.

Plaintiff maintains: (1) a plaintiff bringing an action against an insurer for bad faith may elect to pursue either a contract or a tort cause of action (see *Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 662-663 [328 P.2d 198, 68 A.L.R.2d 883]); (2) emotional distress damages are recoverable in a contract action alleging bad faith (see *Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 434 [58 Cal.Rptr. 13, 426 P.2d 173]; *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.* (1970) 9 Cal.App.3d 508, 527-528 [88 Cal.Rptr. 246]); and (3) as a contract action, plaintiff's complaint was timely under section 337, subdivision 1 (see *McDowell* v. *Union Mutual Life Insurance Co.* (C.D.Cal. 1975) 404 F.Supp. 136, 145). ▇ Alternatively, plaintiff maintains that even if the action is considered as a tort action rather than a contract action, it is not subject to the one-year limitations period of section 340, subdivision 3. We will consider this latter claim first.

An action against an insurer for bad faith is conceptually similar to an action for interference with contractual relations, for in both actions the primary interest of the plaintiff which is invaded by the defendant's

---

[2]Subdivision 3 provides for a one-year period for an "action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, *or for injury to* or for the death of *one caused by the wrongful act or neglect of another*...." (Italics supplied.)

Hereafter, all section references in this opinion are to the Code of Civil Procedure.

wrongful conduct is the plaintiff's right to receive performance under an existing contract. A cause of action for interference with contractual relations is governed by the two-year limitations period of section 339, subdivision 1, which applies to an action upon an "obligation or liability not founded upon an instrument of writing." (*Tu-Vu Drive-In Corp.* v. *Davies* (1967) 66 Cal.2d 435, 437 [58 Cal.Rptr. 105, 426 P.2d 505]; *Trembath* v. *Digardi* (1974) 43 Cal.App.3d 834, 836 [118 Cal.Rptr. 124].)

Allstate maintains, however, that the gravamen of plaintiff's action is determined by the nature of the damages sought rather than by the nature of the claimed wrongful act or the nature of the interest invaded by the wrongful act. Allstate argues that any action seeking emotional distress damages is a personal injury action subject to the one-year limitations period of section 340, subdivision 3.

We begin our answer to this argument with the observation that "the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations." (*Jefferson* v. *J. E. French Co.* (1960) 54 Cal.2d 717, 718 [7 Cal.Rptr. 899, 355 P.2d 643].) The question we must pursue, then, is the nature of the right upon which plaintiff is suing.

Courts have frequently been asked to choose between the one-year period of section 340, subdivision 3, and the two-year period of section 339, subdivision 1. The principle of selection which has emerged is that the one-year period applies to all alleged infringements of personal rights, whereas the two-year period applies only to alleged infringements of property rights. (*Tu-Vu Drive-In Corp.* v. *Davies, supra,* 66 Cal.2d 435, 436-437; *Cain* v. *State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 313 [132 Cal.Rptr. 860]; *Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 705 [113 Cal.Rptr. 579]; *Simons* v. *Edouarde* (1950) 98 Cal.App.2d 826, 828 [221 P.2d 203]. See also, *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 182 [98 Cal.Rptr. 837, 491 P.2d 421].) Allstate suggests that an action alleging emotional distress necessarily alleges infringement of a personal right and is therefore subject to the one-year period.

If Allstate's analysis is correct, then tort actions against insurers for bad faith are sometimes subject to the two-year period, and at other times to the one-year period, depending on whether emotional distress is

alleged or not. This result would be unprecedented, for we are aware of no other cause of action subject to multiple limitations periods depending on the damages sought, and we fear that this result would produce much confusion and unnecessary litigation.

The error in Allstate's reasoning is the assumption that a tort action against an insurer for bad faith is based upon an alleged interference with a personal right merely because mental distress is alleged. Breach of the implied covenant of good faith is actionable because such conduct causes financial loss to the insured, and it is the financial loss or risk of financial loss which defines the cause of action. Mental distress is compensable as an aggravation of the financial damages, not as a separate cause of action.[3] (See *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 578-580 [108 Cal.Rptr. 480, 510 P.2d 1032].) We are satisfied, accordingly, that a tort action against an insurer for bad faith is subject to the two-year limitations period of section 339, subdivision 1.

Allstate's reliance on *Purcell* v. *Colonial Ins. Co.* (1971) 20 Cal. App.3d 807 [97 Cal.Rptr. 874], is misplaced. The court upheld a judgment dismissing a bad faith action on the ground that the plaintiff lacked standing to sue and stated that "the issue of the statute of limitations is moot." (At p. 814.) Moreover, the court noted: "Plaintiff is anxious to concede that the one-year statute of limitations applies and to argue only the point at which the cause of action accrued." (At p. 813.) Although the court stated the action appeared to be barred by the one-year limitations period, this statement has no value as precedent because the court itself indicated the statement was dictum and also because the statement was addressed to the issue of accrual rather than to the applicable limitations period. A case is not authority for a proposition not considered. (*Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 902 [160 Cal.Rptr. 124, 603 P.2d 41].)

The statute of limitations was tolled during plaintiff's minority. (§ 352.) As the action was filed less than two years after plaintiff's eighteenth birthday, it was timely under section 339, subdivision 1.

---

[3]To be distinguished, of course, are cases such as *Cain* v. *State Farm Mut. Auto. Ins. Co., supra,* 62 Cal.App.3d 310, where it was alleged that surveillance by agents of an insurance company constituted an invasion of privacy. Since the primary wrong was an invasion of personal rather than property rights, the court concluded that section 340, subdivision 3, applied.

Having concluded that plaintiff's action was timely filed as a tort action under the two-year statute, it is unnecessary to decide whether plaintiff could also claim the benefit of the four-year statute applicable to an action on a written contract.

Plaintiff has also contended that the second and third causes of action contain, apart from the bad faith action, a separate cause of action for breach of Insurance Code section 790.03, defining certain conduct as unfair practices in the business of insurance. Apparently these allegations were included in an attempt to bring the action within the three-year statute applicable to an action on a statutory liability. (§ 338, subd. 1.) Where a complaint pleads two interconnected causes of action, each governed by a different limitations period, the court must determine which cause of action is basic or "quintessential" and which is merely ancillary or incidental. (See *Jefferson* v. *J. E. French Co., supra,* · 54 Cal.2d 717, 718-719; *Leeper* v. *Beltrami* (1959) 53 Cal.2d 195, 214 [1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803]; *People* v. *Union Oil Co.* (1957) 48 Cal.2d 476, 483 [310 P.2d 409]; *Voth* v. *Wasco Public Util. Dist.* (1976) 56 Cal.App.3d 353, 356 [128 Cal.Rptr. 608].) Here we need not decide whether the allegations of statutory violation state a separate cause of action, or whether such a cause of action is basic or incidental, because we have concluded that the action was in any event timely filed.

The judgment is reversed.

Gardner, P. J., and Morris, J., concurred.