110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hameda S READ, Plaintiff-Appellant,
v.
James A. RYDINGSWORD; Rose Manning; Yvonne Bullock,
Defendants-Appellees.
 No. 95-16876.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1997.*
Decided March 21, 1997.
 
 1
 Before: SCHROEDER, and O'SCANNLAIN, Circuit Judges, KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 We must decide whether Read's civil rights claim is barred by the statute of limitations.
 
 
 4
 * Hameda Read, an employee of the County of Contra Costa Department of Social Services, filed a complaint in this action under 42 U.S.C. § 1983 on May 31, 1994 against former county officials James Rydingsword, Rose Manning, and Yvonne Bullock in their individual capacities. She alleged that the defendants, as supervisors and directors of the Department of Social Services, discriminated against her from 1990 to 1992 because of her union activities in violation of the First Amendment.
 
 II
 
 5
 The district court held that California's one-year statute of limitations for personal injury actions applies and dismissed her action. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.1993). Read submits that the doctrine of equitable tolling saves her lawsuit because, until the superior court denied the petitions for mandamus on December 29, 1993, she had an administrative claim pending. The district court rejected this argument, ruling that Read did not pass California's test for the application of the doctrine of equitable tolling, and hence that her claims were time barred.
 
 
 6
 It is well settled that equitable tolling applies in § 1983 cases. Del Percio v. Thornsley, 877 F.2d 785, 786 n. 1 (9th Cir.1989). We have recognized a three-pronged test for the invocation of the doctrine of equitable tolling under California law:
 
 
 7
 A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: (1) timely notice to the defendants in filing the first claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; and (3) good faith and reasonable conduct in filing the second claim.
 
 
 8
 Cervantes, 5 F.3d at 1275.
 
 
 9
 The district court correctly concluded that Read has not satisfied California's three-pronged test. Her administrative complaint was brought against the county. It is true that the defendants in this action were county officials and her supervisors, and were aware of her administrative action. It cannot be said, however, that by virtue of their participation in an administrative hearing against the county, the defendants were put on notice that they might later be sued for damages in their individual capacities. Furthermore, as the district court noted, all defendants retired from service with the county before Read's suit was filed.
 
 
 10
 Read's citation to cases in which equitable tolling was applied even though the defendants in the second action were different from the defendants in the first does not change our conclusion. Those cases all involved defendants who were in "evidentiary privity" with the defendants in the first action. See Cervantes, 5 F.3d at 1276 n. 3; Collier v. City of Pasadena, 142 Cal.App.3d 917 (Cal.Ct.App.1983); Tu-Vu Drive-in Corp. v. Davies, 426 P.2d 505 (Cal.1967). The defendant in Read's administrative action was the county. The defendants in this action are retired county officials sued in their individual capacities. They were not represented in the administrative proceeding, which sought reassignment for Read. The current action seeks damages for infringement of her constitutional rights. Under the circumstances, the defendants here were not in sufficient "evidentiary privity" with the defendant in Read's administrative action. For the same reasons, the defendants here would be prejudiced by the difficulty they would face in gathering evidence to defend against Read's claim.
 
 
 11
 For the foregoing reasons, the district court properly dismissed Read's action on statute of limitations grounds.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3