Filed 8/31/20  Estate of Holt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| Estate of THEODORE JULIAN HOLT, Deceased. | C088410 |
| PETER T. HOLT, as Co-administrator, etc., et al.<br><br>Petitioners and Appellants,<br><br>v.<br><br>MICHAEL A. HACKARD,<br><br>Objector and Respondent. | (Super. Ct. No. 34-2008-00029370-PR-LA-FRC) |

        This appeal represents another episode in a long-running saga involving a law partnership between Michael A. Hackard and Theodore J. Holt.  In 2008, Hackard filed an action against Holt and their law partnership (Hackard & Holt) for breach of fiduciary duty, breach of contract, and related claims.  Hackard obtained a preliminary injunction that barred Holt from interfering with the management of the law partnership.  As a condition of the preliminary injunction, Hackard posted a $100,000 undertaking.  Holt

1

died shortly after the undertaking was posted, and the Holt estate took over his interest by filing a cross-complaint for fraud, conversion, and breach of contract.[1] Although the cross-complaint did not mention a promissory note, the Holt estate developed a theory of the case that focused on a purported promissory note under which Hackard owed approximately $5 million to the law partnership.[2] Hackard has consistently denied the existence of the promissory note.

The Holt estate decided it preferred to litigate its claim against Hackard in a new probate action rather than on the already-filed cross-complaint. Thus, in 2012, the Holt estate moved to dismiss the pending action and for an order to release Hackard's $100,000 undertaking to the estate. Hackard consented to the dismissal of the complaint and the cross-complaint, but he conditioned the dismissal on release of the undertaking to the bankruptcy trustee in charge of winding up the law partnership's debts. The trial court granted the Holt estate's voluntary dismissal and released the undertaking to the bankruptcy trustee. In the Holt estate's appeal from the order releasing the undertaking to the bankruptcy trustee, this court rejected the estate's claim the trial court erred in releasing the undertaking to the bankruptcy trustee. (*Hackard v. Holt et al.* (Sept. 21, 2016, C075578) [nonpub. opn.].)

---

[1] Peter T. Holt and Julian B. Holt have filed the cross-complaint in the first case and the petition in this case in their capacities as co-administrators of the estate of Theodore J. Holt.

[2] During the extensive litigation on the promissory note, the Holt estate has advanced varying calculations of the amount owed by Hackard under the note. In opposing the release of Hackard's undertaking in September 2012, the Holt estate asserted Hackard owed $4,964,724 in principle and $1,727,869 in interest. In this case, the Holt estate asserts Hackard owes $6,070,483.62, representing Holt's 80 percent share of the law partnership to which the promissory note is owed. Although the calculations of amounts due under the promissory note vary, the prior and current actions against Hackard focus on the same purported promissory note.

In 2018, the Holt estate filed a petition under Probate Code section 859 to recover assets belonging to the estate. The primary focus of the petition was the same promissory note that formed the basis of the prior claims in the Holt estate's cross-complaint against Hackard. Hackard demurred to the petition. The trial court sustained the demurrer without leave to amend on grounds the Holt estate's petition was barred by the statute of limitations.

In this appeal, the Holt estate contends (1) the petition was timely because the statute of limitations did not begin to run until the court-appointed probate referee determined the amount owed to the estate, (2) the petition was timely filed within a 6-year statute of limitations period that did not begin to run until 10 years after the making of the promissory note, (3) the limitations period was equitably tolled because of Hackard's fraudulent concealment, (4) Hackard is equitably estopped from denying the existence of the promissory note, and (5) Hackard's "res judicata and certainty arguments were properly held insufficient by the trial court."

We conclude the trial court correctly sustained the demurrer without leave to amend. The record establishes the Holt estate sought legal relief on the promissory note in the first action in its cross-complaint for breach of contract in 2009. The claims made in this case in 2018 regarding the same promissory note were therefore not timely. We reject the Holt estate's claims of equitable tolling. Hackard's express denials of the existence of the promissory note did not constitute fraudulent concealment. We deem the Holt estate's argument regarding equitable estoppel to be forfeited due to deficient briefing. Because the trial court properly sustained the demurrer on statute of limitations grounds, we need not consider the question of whether res judicata supports the trial court's denial of the petition. Accordingly, we affirm.

3

## FACTUAL AND PROCEDURAL HISTORY

### *The Prior Appeal (Hackard v. Holt)*

In the opinion issued in the prior appeal, this court recounted the following:

"In September 2008, Hackard filed a complaint for breach of fiduciary duty, breach of contract, accounting, and mandatory injunctions. The complaint named Holt and the Hackard & Holt partnership as defendants. Shortly after filing his complaint, Hackard applied for a preliminary injunction enjoining Holt from managing or interfering with the management of the partnership. In October 2008, the trial court granted the preliminary injunction but required Hackard to post a $100,000 undertaking. Holt died approximately five weeks after the granting of the preliminary injunction.

"On August 12, 2009, the Holt estate filed a cross-complaint against Hackard for fraud, conversion, and breach of contract. A week later, the partnership filed a petition for bankruptcy under chapter 7 of the United States Bankruptcy Code. Smith was appointed as the bankruptcy trustee. [¶] . . . [¶]

"On [September 12, 2012], the Holt estate filed a separate motion requesting the release of the undertaking to the Holt estate. The Holt estate asserted the motion was based on 'the material misrepresentations made to the Court in the injunction application by Michael Hackard regarding a multi-million dollar promissory note, as well as the huge sums removed from Hackard & Holt by Michael Hackard, the lack of progress in advancing the firm's cases, the release of key staff which [e]nsured that no progress would be made, and the placing of the Hackard & Holt firm in bankruptcy, all of which damage caused damage to Theodore J. Holt and the Theodore J. Holt estate.'

"Hackard responded by supporting the motion to dismiss and opposing the motion to release the undertaking to the Holt estate. [¶] . . . [¶]

"The superior court conducted a hearing on the Holt estate's motions for voluntary dismissal and to release the undertaking. In November 2012, the trial court granted the

4

motion to dismiss. However, the trial court denied the Holt estate's motion to release the undertaking because there had been no finding the preliminary injunction had been wrongfully issued. [¶] . . . [¶]

"In August 2013, Hackard moved for an order withdrawing the undertaking and for release of the undertaking to the bankruptcy trustee. The Holt estate opposed the motion. . . . On December 10, 2013, the trial court issued a written order granting Hackard's motion. In pertinent part, the order explains:

". . . '[Holt's estate] contend[s] that the preliminary injunction was wrongfully issued *because Hackard did not admit that he owed the law firm $5,000,000 on a promissory note to the firm.*' . . . [¶] . . . [¶]

"The trial court concluded by denying the Holt estate's 'request to order the $100,000 bond be delivered to the court, as the bankruptcy trustee is the beneficiary of the bond pursuant to the bankruptcy settlement.' " (Italics added.)

This court affirmed the trial court's order releasing the undertaking to the bankruptcy trustee. In addressing the issues presented, we noted that "the Holt estate argues the evidence in the record shows Hackard made false statements to the trial court about a promissory note to the partnership. . . . The Holt estate now asks for damages arising out of Hackard's misleading statements." We concluded that "the Holt estate's argument was extinguished by its motion to voluntarily dismiss this action."

### The Present Appeal (Holt v. Hackard)

In the probate proceeding, the Holt estate filed in 2009 a request for judicial determination of assets belonging to the estate. In that request, the Holt estate identified its interest in the promissory note that Hackard allegedly made in favor of the law partnership. Specifically, the Holt estate claimed that "[a] significant asset of the

partnership is Hackard's December 1, 2004 note, originally for $4,964,724. With interest the amount due now totals more than $6,643,920."[3]

In February 2018, the Holt estate filed in the same probate proceeding a petition under Probate Code section 859 "to recover assets belonging to the estate." The petition noted the trial court had previously appointed a probate referee to determine the value of the Hackard & Holt law partnership. The petition asserted the probate referee completed her work in January 2018 and "found the [Hackard & Holt] partnership to be worth $7,577,805.78 as of November 13, 2008, and found that the Ted Holt Estate, which is the successor to Ted Holt's 80% share of the [Hackard & Holt] partnership, is owed $6,070,483.62 by Mike Hackard."

The petition further alleged the following: Holt & Hackard law partnership tax returns for the years 2005 through 2008 showed Hackard personally borrowed $4,964,724 from the law partnership. In an October 2006 letter, Hackard acknowledged making a promissory note in favor of the law partnership. "Hackard and his counsel have repeatedly either denied, or claimed not to recall, the existence of the promissory note." Specifically, the petition asserts that "not even two years after Mike Hackard signed and initialed every page of the letter detailing the promissory note . . . on October 2, 2008 in the Civil Action Mike Hackard filed a sworn declaration in which he stated 'I am not aware of the "note" . . . .' " Hackard repeated in December 2009 that " 'No promissory note was executed or ever intended to be executed by Hackard. Essentially this is a tax basis entry only and was not agreed to by Hackard.' " In April 2010, Hackard denied the existence of the promissory note in an e-mail to the Holt estate.

---

**3** The Holt estate does not argue that this request or any other pleading in the probate case that was filed prior to February 2018 constituted a cause of action or claim against Hackard for purposes of the statute of limitations. Instead, the Holt estate accepts that the February 2018 petition marks the beginning of the claim against Hackard. Accordingly, we consider whether the petition was timely filed in 2018.

Hackard demurred to the petition on grounds the petition was barred by res judicata and the statute of limitations. The Holt estate opposed the demurrer. The trial court sustained the demurrer without leave to amend and denied the petition. The Holt estate timely filed a notice of appeal.

DISCUSSION

**I**

***Statute of Limitations***

The Holt estate argues it timely filed its petition after the court-appointed probate referee determined the amount that Hackard owed to the Holt estate. The argument lacks merit.

**A.**

***Review***

In reviewing an appeal from the sustaining of a demurrer without leave to amend, this court follows well-settled principles of review. As the California Supreme Court has explained, " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. (*Speegle v. Board of Fire Underwriters* (1946) 29 Cal.2d 34, 42.) When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. (See *Hill v. Miller* (1966) 64 Cal.2d 757, 759.) And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. (*Kilgore v. Younger* (1982) 30 Cal.3d 770, 781; *Cooper v. Leslie Salt Co*. (1969) 70 Cal.2d 627, 636.) The burden of proving such reasonable possibility is squarely on the

7

plaintiff.  (*Cooper v. Leslie Salt Co., supra*, at p. 636.)"  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## B.

### *Limitations Period for Breach of Contract*

During the hearing on Hackard's demurrer, the parties appeared to agree the four-year "catchall" limitations period of Code of Civil Procedure section 343 applied to Holt estate's breach of contract claim.[4]  Section 343 provides that "[a]n action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."  (See also *Manco Contracting Co. (W.L.L.) v. Bezdikian* (2008) 45 Cal.4th 192, 207 [characterizing section 343 as the "catchall" statute of limitations on an action on contract].)  This statute of limitations begins to run when a cause of action accrues – i.e., when the injured party " 'is entitled to begin and prosecute an action thereon.' "  (*Romano v. Rockwell Internat., Inc*. (1996) 14 Cal.4th 479, 487 (*Romano*), quoting *Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040.)

In an action based on breach of contract, the statute of limitations begins to run from that time that a party breaches a material term of the agreement.  (*Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277.)  As the California Supreme Court has explained, "Nonetheless, if a party to a contract expressly or by implication repudiates the contract before the time for his or her performance has arrived, an anticipatory breach is said to have occurred.  [Citations.]  The rationale for this rule is that the promisor has engaged not only to perform under the contract, but also not to repudiate his or her promise.  (4 Corbin, Contracts (1951 ed.) § 959, p. 852.)  [¶]  In the event the promisor repudiates the contract before the time for his or her performance has arrived, the plaintiff has an election of remedies—he or she may 'treat the repudiation as an anticipatory breach and

---

**4**　　Undesignated statutory references are to the Code of Civil Procedure.

immediately seek damages for breach of contract, thereby terminating the contractual relation between the parties, or he [or she] can treat the repudiation as an empty threat, wait until the time for performance arrives and exercise his [or her] remedies for actual breach if a breach does in fact occur at such time.' (*Taylor v. Johnston* [(1975)] 15 Cal.3d [130,] 137; see also 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 806, p. 727.)" (*Romano, supra,* 14 Cal.4th at p. 489.)

## C.

### *The Holt Estate's 2018 Petition Was Untimely*

**1.  *The Holt Estate's 2009 Cross-complaint Against Hackard***

A trial court minute order entered on September 11, 2008, in *Hackard v. Holt et al., supra,* C075578 states Holt himself "attribute[s] the financial difficulties in part to [Hackard's] failure to make payments on money he owes the firm.  Holt contends that Hackard owes $5,000,000 on a promissory note to the firm."  Hackard responded by filing a declaration denying the promissory note under penalty of perjury.

In August 2009, the Holt estate filed a cross-complaint for breach of contract and related causes of action in *Hackard v. Holt et al., supra,* C075578 based on Hackard's "excessive withdrawals" of $5 million "to support a lavish lifestyle."  A later order of the trial court noted the Holt estate's contention the preliminary injunction in that action "was wrongfully issued because Hackard did not admit that he owed the law firm $5,000,000 on a promissory note to the firm."  Thus, the Holt estate elected to treat Hackard's repudiation of the purported promissory note as an anticipatory breach for which it sought legal relief on the cross-complaint.  Notably, the Holt estate considered the cross-complaint sufficient to assert the claim relating to the promissory note.

The Holt estate asserted the promissory note was signed on December 1, 2004, and Holt himself alleged default on the promissory note before his death.  The Holt estate also asserted Hackard expressly denied the existence of the note before a trial court ruling

9

issued in October 2008. The Holt estate alleged detailed facts surrounding the making and repudiation by Hackard of the purported promissory note. Moreover, the Holt estate argued in the appeal from the dismissal of its cross-complaint containing the breach of contract cause of action that the estate was entitled to damages arising out of Hackard's false denial of the promissory note. Based on the Holt estate's clear and repeated articulation of its theory of the case that the cross-complaint sought relief for Hackard's refusal to repay the promissory note, we reject the Holt estate's contention the cross-complaint did not concern the note. The Holt estate clearly sought relief on the promissory note in its cross-complaint.

The statute of limitations for the breach of contract arising out of the repudiation of the purported promissory note was triggered by the Holt estate's decision to treat the repudiation as an anticipatory breach in the cross-complaint for breach of contract. Even though the Holt estate timely asserted claims in the *prior* action against Hackard when it asserted breach of contract and related claims, the *current* action is not timely. The current action is based on the same cause of action filed in August 2009 and the identical arguments regarding breach of contract presented to the trial court in that action. Thus, the Holt estate's February 2018 petition under Probate Code section 859 was untimely and properly denied by the trial court.

## 2. *The Probate Referee's 2018 Report*

The Holt estate argues the statute of limitations did not begin to run until the court-appointed probate referee issued her report in January 2018. The Holt estate reasons it could not ascertain the amount owed by Hackard until the probate referee completed her work. We reject this reasoning for two reasons.

First, uncertainty as to the amount of damages does not prevent a cause of action from accruing for purposes of triggering the statute of limitations. It is well settled that "once plaintiff has suffered actual and appreciable harm, neither the speculative nor uncertain character of damages nor the difficulty of proof will toll the period of

10

limitation." (*Davies v. Krasna* (1975) 14 Cal.3d 502, 514.) "Neither uncertainty of amount nor difficulty of proof renders that injury speculative or inchoate." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 744.) Thus, the possibility the Holt estate might have been uncertain about the amount owed by Hackard did not prevent the statute of limitations from running at the moment the Holt estate elected to treat the repudiation of the note as an anticipatory breach.

Second, the Holt estate's own pleadings and moving papers displayed certainty regarding damages that belies its assertion it was uncertain about whether it sustained any damages until the probate referee issued her report. In 2009, the Holt estate's cross-complaint expressly alleged $5,000,000 in damages. In 2012, the Holt estate presented the trial court with a claim for damages in asserting Hackard owed $4,964,724 in principal and $1,727,869 in interest. The record does not show the Holt estate was ever uncertain about the damages relating to the promissory note.

The Holt estate does not offer any legal support for the remarkable proposition that a statute of limitations does not accrue until a judicial officer ascertains the amount of damages on a claim. Crediting that proposition would mean a party would always be timely in filing a claim because no judicial officer would ever be available to ascertain damages until a claim is filed. Instead, we adhere to the well settled rule that a party's election to treat a repudiation as an anticipatory breach triggers the statute of limitations. (*Romano, supra,* 14 Cal.4th at p. 489.) The prior case shows the cause of action for breach of contract was ripe when the Holt estate filed its cross-complaint. The issuance of the report by the court-appointed probate trustee more than a decade later did not mark the start of the statute of limitations period.

## D.

### *Action on Promissory Note*

For the first time on appeal, the Holt estate argues the six-year statute of limitations under Commercial Code section 3118, subdivision (a), applies to its claims against Hackard. The Holt estate asserts the terms of the promissory note did not require Hackard to make the first payment on the note until 10 years after its making. In making this new assertion of fact regarding the purported promissory note, the Holt estate asserts it could amend the petition to state a valid cause of action under the six-year statute of limitations. We reject the argument.

Even if the promissory note did not require Hackard to make the first payment until a decade after its making in 2004, the Holt estate's election to sue Hackard for breach of contract triggered the statute of limitations. The possibility that the Holt estate might have waited until the first payment became due does not eliminate the fact the Holt estate did not wait to sue Hackard. The Holt estate's cross-complaint in 2009 for breach of contract constituted an election of remedies that showed causes of action related to the promissory note had accrued. (*Romano, supra,* 14 Cal.4th at p. 487; *Spear v. California State Auto. Assn.*, *supra*, 2 Cal.4th at p. 1040.) Even under a six-year statute of limitations, the 2018 probate petition claim was untimely after the Holt estate sought legal action on the same promissory note in its 2009 cross-complaint. Thus, the Holt estate cannot assert a valid cause of action regarding the promissory note even if it were allowed to amend the probate petition to allege a 10-year period before Hackard had any obligation to make payments. The trial court did not err in sustaining the demurrer without leave to amend.

12

## II

### *Equitable Tolling*

The Holt estate argues the doctrine of equitable tolling applies for three reasons: (1) due to Hackard's efforts to delay in providing an accounting, (2) because Hackard made "false denials of the existence of the Promissory Note," and (3) on grounds the probate referee was appointed to determine "whether the Holt Estate had any claim against [Hackard]." We are not persuaded.

### A.

### *The Doctrine of Equitable Tolling*

Statutes of limitations serve " 'to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available. "[T]he right to be free of stale claims in time comes to prevail over the right to prosecute them." [Citations.] The statutes, accordingly, serve a distinct public purpose, preventing the assertion of demands[,] which through the unexcused lapse of time, have been rendered difficult or impossible to defend.' " (*Thomas v. Gilliland* (2002) 95 Cal.App.4th 427, 434.) Nonetheless, California courts have equitably tolled statutes of limitations in the interests of justice. (*Ibid.*)

The California Supreme Court articulated the test for equitable tolling in *Addison v. State of California* (1978) 21 Cal.3d 313. (See *Garabedian v. Skochko* (1991) 232 Cal.App.3d 836, 844.) In *Addison*, the Supreme Court held that the "application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." (*Addison*, at p. 319.)

13

## B.

### *Equitable Tolling Does Not Apply to the Petition*

We conclude equitable tolling does not apply to the Holt estate's claims against Hackard in its probate petition. The Holt estate's argument rests on the assertion it *could not* have brought an action against Hackard on the promissory note prior to the probate referee's 2018 issuance of her report. The record in this case conclusively refutes this assertion because the Holt estate actually sued Hackard in 2009 for breach of contract. By September 2012, the Holt estate relied on its cross-complaint to advance a claim on the promissory note that was stated with exacting detail. The Holt estate's filing of a legal claim against Hackard in 2009 shows there was no reason why it could not have made its claim in the probate case in the same timely manner as in the cross-complaint.

### 1. *Hackard's Opposition to Order for an Accounting*

In its first assertion of equitable tolling, the Holt estate focuses on Hackard's "refusing to provide information voluntarily as required and even more egregiously by violating the Trial Court's order that [Hackard] disclose information . . . ." The Holt estate additionally complains Hackard "refused to participate in a Court-ordered meet and confer process aimed at producing a joint valuation."

These events the Holt estate now relies upon to claim equitable tolling occurred in 2009 – almost a decade before the current petition sought relief against Hackard for the same claims of nonpayment of the promissory note. As the petition explains, the delay involved "six months of stonewalling" prior to the Holt estate's May 2009 motion to compel an accounting by Hackard. The petition further acknowledges Hackard provided the accounting on September 4, 2009. These 2009 procedural circumstances did not prevent the Holt estate from asserting its claims against Hackard until 2018.

14

**2.** *Hackard's Denials of the Promissory Note*

The Holt estate asserts its claims against Hackard were equitably tolled because Hackard engaged in fraudulent concealment of his obligation under the purported promissory note. We disagree.

The elements of fraudulent concealment are: (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the *plaintiff was unaware of the fact* and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact. (*Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 606.) Consequently, " '[t]he doctrine of fraudulent concealment [for tolling the statute of limitations] does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim.' " (*Rita M. v. Roman Catholic Archbishop* (1986) 187 Cal.App.3d 1453, 1460, quoting *Hobson v. Wilson* (D.C. Cir. 1984) 737 F.2d 1, 35.)

The Holt estate's petition makes abundantly clear it had actual notice of the purported promissory note and Hackard's denial of the note's existence. The petition states Hackard filed a declaration in September 2008 in the first action in which he denied the existence of the note. Hackard again denied " 'execut[ing] any promissory note to the partnership' " in October 2008. In 2013, Hackard reiterated he did not make the promissory note. These were documents filed in the action to which the Holt estate was a party and therefore it had actual notice of Hackard's denials of the note.

The Holt estate was not prevented from becoming aware of the fact of the promissory note due to any attempt to conceal by Hackard. The Holt estate's actual assertion of breach of contract regarding the promissory note provides conclusive proof that claims regarding the promissory note were not tolled due to the Holt estate being

15

unaware of the note. Accordingly, we reject the assertion of equitable tolling due to fraudulent concealment.

### 3. *Appointment of the Probate Referee*

The Holt estate argues that, "[a]s a 'mandatory proceeding,' the appointment of the Probate Referee automatically triggered equitable tolling." The argument lacks merit.

More than five years before the issuance of the referee's report, the Holt estate calculated damages arising out of Hackard's obligation under the promissory note to total exactly $6,692,593. Moreover, the Holt estate alleged *in detail* the circumstances underlying the making of the note, the failure of the law partnership, and Hackard's nonpayment. The Holt estate marshalled numerous documents in support of its claims, including specified law partnership tax forms. In short, the Holt estate exhibited no uncertainty about the existence of its legal claim or the facts and documents it believed to support the claim.

The Holt estate's election to treat the repudiation of the promissory note as a breach of contract triggered the statute of limitations long before the probate referee issued her report. The Holt estate could have continued to assert its breach of contract claim in the first case, but elected to abandon it through a voluntary dismissal. Based on the Holt estate's voluntary dismissal of its claim in the first case, we reject the Holt estate's reliance on *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88 (*McDonald*), *Elkins v. Derby* (1974) 12 Cal.3d 410 (*Elkins*), and *Tu-Vu Drive-In Corp. v. Davies* (1967) 66 Cal.2d 435 (*Tu-Vu*).

In *McDonald*, the California Supreme Court held that "where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic . . . ." (*McDonald, supra,* 45 Cal.4th at p. 101.) Likewise, the Supreme Court in *Elkins* held that "whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding." (*Elkins, supra,* 12 Cal.3d at p. 414.) Here,

16

the breach of contract cause of action is not a claim for which exhaustion of administrative remedies is required. Rather than being a mandatory action serving as a prerequisite to the Holt estate's probate petition, the first case represented the Holt estate's assertion and abandonment of a fully ripe and cognizable cause of action regarding the promissory note.

*Tu-Vu* involved an unusual procedural background. The defendant in *Tu-Vu* was an attorney who had wrongfully levied a writ of execution on equipment at a drive-in movie theatre owned by plaintiff. (*Tu-Vu, supra*, 66 Cal.2d at p. 436.) The plaintiff was not initially a party to the first action in which the writ of attachment was executed. (*Ibid.*) However, the plaintiff was able to secure the release of its motion picture equipment by filing a third party claim. (*Ibid.*) After plaintiff reopened its movie theatre, it filed an action against defendant for the deprivation of its property and lost profits. (*Ibid.*) Defendant argued the statute of limitations ran from the time plaintiff was first deprived of the use of its equipment, and the complaint in the second action was untimely when measured from the time plaintiff first lost use of the equipment. (*Id.* at p. 437.) The trial court sustained the demurrer without leave to amend and the *Tu-Vu* court reversed. (*Id.* at p. 436, 438.)

With no analysis, the *Tu-Vu* court simply held the plaintiff's statute of limitations did not expire until the first action was complete. (*Tu-Vu, supra*, 66 Cal.2d at pp. 437-438.) Subsequent case law has interpreted *Tu-Vu* to stand for the same proposition as in *Elkins*, namely that a *mandatory* prior action tolls the statute of limitations. (*Garabedian v. Skochko* (1991) 232 Cal.App.3d 836, 842-843.) The rationale for this "rule is to excuse the plaintiff from the burden of pursuing duplicate and possibly unnecessary procedures in order to enforce the same rights or obtain the same relief." (*Id.* at p. 843.) The "common thread" in *Tu-Vu* and *Elkins* is that the first action involve "some kind of *preliminary* relief before filing" the second action. (*Garabedian v. Skochko*, at p. 843, italics added.)

17

Here, the Holt estate's cross-complaint in the first action was not a prerequisite to the probate petition. Instead, the Holt estate's first claim for breach of contract was a fully ripe cause of action against Hackard. The Holt estate's cross-complaint does not compel equitable tolling to render the 2018 claim against Hackard timely after years of delay in asserting its abandoned claim.[5]

### III

### *Equitable Estoppel*

The Holt estate argues Hackard is equitably estopped from denying the promissory note. The applicability of the doctrine of equitable estoppel presents a question of fact. (*Hopkins v. Kedzierski* (2014) 225 Cal.App.4th 736, 745.) Nonetheless, the Holt estate's opening and reply briefs do not offer a single citation to the appellate record in asserting the facts to support the application of the doctrine. "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made." (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.) Accordingly, we deem the contention to be forfeited. (*Id.* at p. 407.)

---

[5] Our conclusion the trial court correctly sustained the demurrer without leave to amend obviates the need to consider the Holt estate's argument that res judicata does not preclude the seeking of relief for breach of contract in the present case. Regardless of whether res judicata may or may not provide a basis of affirming the trial court's sustaining of the demurrer, the statute of limitations applies to support the trial court's order.

DISPOSITION

The order denying the petition is affirmed.  Michael A. Hackard shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/s/_____
HOCH, J.


We concur:


/s/_____
MAURO, Acting P. J.


/s/_____
BUTZ, J.*

_____

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19